## Ex parte GIN KATO.

(District Court, W. D. Washington, N. D. December 2, 1920.)

No. 5631.

1. **Aliens ☞53—One employed in connection with disorderly house may be deported after expiration of five years.**
Under Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), providing that any alien employed by, in, or in connection with any house of prostitution shall be deported, and that the provisions of that section, with the exceptions therein noted, shall be applicable, irrespective of the time of the alien's entry into the United States, the five-year limitation on the deportation of certain classes of aliens does not apply to one employed by, in, or in connection with a house of prostitution.

2. **Aliens ☞39—Congress has inherent power to exclude or deport.**
Congress has the right to exclude or deport aliens, in its discretion, as an inherent right of sovereignty.

3. **Treaties ☞11—Later statute to be followed by courts in case of conflict.**
If an act of Congress and the stipulations of an earlier treaty are in irreconcilable conflict, it is the duty of the court to follow the last expression of the legislative branch, and leave the question of breach of the treaty to the executive branch of the government.

4. **Treaties ☞11—Immigration Act not in conflict with treaty with Japan.**
In view of article 2 of the Treaty with Japan of March 21, 1895, providing that the stipulations of such treaty shall not affect the laws, ordinances, and regulations of either country regarding the immigration of laborers, there is no conflict between such treaty and Immigration Act Feb. 5, 1917.

Petition by Gin Kato for a writ of habeas corpus. Writ denied.

James Kiefer, of Seattle, Wash., for petitioner.
Robt. C. Saunders, of Seattle, Wash., for the United States.

NETERER, District Judge. Gin Kato, a subject of Japan, claims to have been in the United States since 1884, and to have a wife living in Japan. He was order deported for having been "found in the United States in violation of the Immigration Act of February 5, 1917, to wit, that he has been found employed by, in, or in connection with a house of prostitution."

It is contended that the five-year limitation provided by section 19 of the act, supra, applies, and that he cannot be legally deported, and further that to deport him is a violation of the treaty stipulations between Japan and the United States of March 21, 1895 (29 Stat. 848).

[1] The provision of section 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), supra, among other matters, provides:

"Any alien who manages or is employed by, in, or in connection with any house of prostitution * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * The provisions of this section * * * shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States. * * *"

It is apparent that the five-year limitation does not apply to the petitioner. Article 2 of the treaty, supra, provides that the stipulations contained in the treaty—

"do not in any way affect the laws, ordinances and regulations with regard to * * * the immigration of laborers, * * * which are in force or which may hereafter be enacted in either of the two countries."

[2, 3] It is primer law that Congress has the right to exclude or deport aliens in its discretion, as an inherent right of sovereignty, and should an act of Congress and the treaty stipulation be in irreconcilable conflict, the duty of the court is to follow the last expression of the legislative branch, and leave the question of breach of treaty stipulation to the executive branch of the government.

[4] I think it is clear, however, that there is no conflict between the treaty stipulation and the Immigration Act, supra. An examination of the record shows that a fair trial was accorded.

The writ is denied.