## Ex parte TAYOHICHI YAMADA.

(District Court, W. D. Washington, N. D.   June 30, 1924.)

### No. 8623.

**Aliens ☞54—Proceedings for deportation of aliens whose entry was unlawful limited to five years after entry.**

Under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), proceedings for deportation of an alien on the ground of his having been convicted of a crime involving moral turpitude prior to entry must be instituted within five years after his entry.

Habeas Corpus. Petition by Tayohichi Yamada, alias H. Yamada, for discharge from warrant of deportation. Writ granted.

The petitioner, by writ of habeas corpus, seeks discharge from a warrant of deportation on the ground that he was not granted a fair hearing and that there is no warrant of law to support deportation. The petitioner lawfully entered the United States in 1902. In 1907 he was indicted and pleaded guilty to the crime of assault with a deadly weapon, and was committed to the state penitentiary for a term of two years. In 1913 he departed on a visit to Japan, and returned in 1914 on a passport describing him as a returning immigrant, and has resided in the city of Seattle continuously since re-entry. Pursuant to warrant of arrest issued by the Secretary of Labor February 19, 1924, he was arrested, and, after hearing and appeal to the Secretary of Labor, was ordered deported on the ground "that he has been convicted of and admits the commission of a felony, or other crime or misdemeanor involving moral turpitude, prior to his entry into the United States, to wit, assault with a deadly weapon."

M. J. Gordon, of Tacoma, Wash., and Tennant & Carmody, of Seattle, Wash., for petitioner.

Matthew W. Hill, Asst. U. S. Atty., of Seattle, Wash.

NETERER, District Judge. The petitioner invokes the five years after entry limitation specified by section 19 of the act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). The Immigration Act of 1924 took effect May 26, 1924, and has no application. The government contends that the conviction of the alien in 1907 in the United States subjected him to deportation under the act of 1917 at any time, and cites Lauria v. U. S. (C. C. A.) 271 Fed. 261; U. S.

ex rel. David v. Tod (C. C. A.) 289 Fed. 60, and Hughes v. Tropello (C. C. A.) 296 Fed. 306.

Lauria first entered the United States December 27, 1914. He was arrested on deportation warrant December 19, 1919, and warrant of deportation was issued May 5, 1920. The effective date involved is conclusive that deportation proceedings were commenced within five years from the date of entry. The court did say at page 263:

"We think Congress intended to pronounce classes of aliens who are undesirable, and, by general provision of law, exclude all within five years, but provided specifically that certain classes, including the class to which the appellant belongs, might be taken into custody and deported at any time."

In U. S. ex rel. Davis v. Tod, supra, the court held it sufficient if deportation proceedings are instituted within five years.

The issue in the instant case is distinguished from that in the Lauria Case, in that this proceeding was not instituted within five years from date of entry. The court in the Lauria Case is right in saying that the Congress intended to classify the aliens and to limit deportation to the particular classes, and that Lauria was within the provisions of the act; but the language of the court is obitur dictum in saying that a person convicted of a crime involving moral turpitude prior to entry can be deported under the act of 1917 *at any time*. Section 19 deals with two classes of aliens: The first is those who have no right to enter; the second class, those whose admission was lawful, but whose subsequent conduct forfeited the right to remain. The five-year limitation of the first class began at the date of entry, and the five-year limitation period of the second class began at the time of the commission of, or conviction of, the inhibited crime. This is the view expressed by the Circuit Court of Appeals of the Third Circuit in Hughes v. Tropello, supra. The petitioner is of the first class. Thus concluding, it is unnecessary to discuss whether the conviction involved moral turpitude. Inter alia, it may be said, however, that this court on May 25, 1922, in Re Eli Rousseau, affirmed (C. C. A.) 284 Fed. 565, held that a person convicted under the state statute of the crime of being a "jointist," and sentenced to the penitentiary, was convicted of a crime involving moral turpitude.

The writ will be granted.