**RANIERI v. SMITH, District Director of Immigration, et al.**

No. 4522.

Circuit Court of Appeals, Seventh Circuit.
April 29, 1931.

Rehearing Denied June 11, 1931.

John A. Chumbley, of Washington, D. C., for appellant.

L. H. Bancroft, of Richland Center, Wis., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Alien, a citizen of Italy, entered the United States June 21, 1924. On December 19, 1929, he was arrested by an immigration inspector upon a warrant which charged him with managing a house of prostitution, and deriving benefit from and assisting a prostitute, in violation of the Act of February 5, 1917, 39 Stat. 889, 8 USCA § 155. The warrant was secured from the Department of Labor by telegraphic communication by virtue of rule 18, subdiv. B, par. 1. The application followed immediately, containing the facts prescribed by the statute. The record is silent as to the necessity for a telegraphic warrant. Hearings were had before the inspector on December 19 and 20, 1929, February 3 to 6, 1930, inclusive, and on April 9 to 11, inclusive. At these hearings the alien appeared in person and by attorney, and the various adjournments were had at his request, and by reason thereof he stipulated that cross-examination of witnesses from whom the government had secured evidence would be waived by alien in the event the government was unable to locate the witnesses, with the reservation that alien might cross-examine such witnesses if he could produce them.

The testimony at these hearings was taken down in shorthand by the inspector, and by him transcribed and certified to be correct. The record shows that the witnesses were sworn, but in no instance did any witness sign his testimony. The application and warrant were produced at the hearing and read to and examined by the alien and his attorney.' The preliminary statements of the witnesses examined were introduced as evidence at the hearing and submitted to the alien and his attorney, and lengthy and vigorous cross-examinations thereon were had on behalf of the alien. Deportation was recommended by the inspector, and the Department of Labor issued an order to that effect. This proceeding was thereupon instituted and a record of the above facts submitted to the court, and it dismissed the petition.

By the appeal two questions are raised: (1) Was there any competent evidence to support the findings of the immigration authorities? (2) Was the hearing unfair? Ex parte Cahan (D. C.) 42 F.(2d) 664.

Alien insists that the hearing was unfair for the following reasons: (1) The preliminary statements of witnesses were not competent evidence. (2) They were neither signed nor sworn to. (3) The inspector had no authority to administer oaths. (4) Alien was prejudiced by the fact that inspector acted as stenographer and transcriber. (5) He was prejudiced by the fact that such statements were taken in the presence of other officers of the law.

It was held in Ex parte Hidekuni Iwata (D. C.) 219 F. 610, that evidence used to obtain a warrant against the alien was admissible at the hearing. In the case of Svarney v. United States (C. C. A.) 7 F.(2d) 515, relied upon by alien, affiant was not present, and there had been no effort to get her, and these were the reasons assigned by the court for excluding the evidence. This was quite proper because alien was deprived of his right of cross-examination. In the instant case most of the witnesses—and all of the principal witnesses—were present, and alien had stipulated a waiver of his right to cross-examine those not present. He cross-examined extensively all government witnesses present, and raised no objection at the hearing of his lack of opportunity to cross-examine those not present.

We are unable to find either a statute or rule of the Department of Labor which requires the preliminary testimony to be signed or sworn to. In the instant case, however, the record shows that each witness swore to his preliminary statement.

Inspectors' authority to administer oaths is based on the Act of Feb. 5, 1917, 39 Stat. 885, 8 USCA § 152. The cases cited by alien were decided prior to the enactment of this statute.

It does not appear that alien was in any way prejudiced by reason of the subject-matter of objections (4) and (5), and they merit no further consideration. We are convinced that alien was accorded a fair hearing.

If the preliminary statements of the witnesses are to be considered as properly admitted as evidence, as we have so ruled, then alien does not deny that the finding is supported; but, aside from the preliminary statements, we are convinced that the finding is fully supported by the evidence. It is true that the witnesses changed their testimony in many respects from that contained in their statements; but, as changed, the testimony presented a state of circumstances from which it would be difficult for a person of ordinary intelligence and moral conceptions to arrive at any other conclusion than that a house of prostitution was being conducted at the times and place in controversy, and under the ownership, supervision, management, and control of alien. While the work was being directly conducted by his servants, yet his presence there, both day and night, and his opportunities to observe their conduct, proves that he must have been cognizant of the continued acts of prostitution then and there being carried on.

The evidence abundantly supports the finding, and the five-year statute of limitations does not apply. Ex parte Gin Kato (D. C.) 270 F. 343; Cafaro v. Tillinghast, Com. (D. C.) 31 F.(2d) 384; Pillisz v. Smith (C. C. A.) 46 F.(2d) 769.

Decree affirmed.