**COSTANZO v. TILLINGHAST, Commissioner of Immigration.**

No. 2643.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Walter E. Brownell, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a decree of the District Court for Massachusetts denying a writ of habeas corpus and dismissing the petition. The petitioner, Alberto Costanzo, is now about thirty years of age, a native of Italy. He has resided in this country since 1905. He has two American-born children. His wife has recently divorced him. Neither the petitioner, nor his father, long since dead, became naturalized citizens. He was convicted in 1916 or 1917 of stealing an automobile and served six months in the county jail at Providence, R. I. He was again arrested September 29, 1925, on the charge of harboring for prostitution and was sentenced to three years in prison, of which he served sixteen months and fourteen days, when he was paroled.

March 16, 1926, a warrant for his arrest was issued by the Department of Labor on the ground that he had been found in the United States in violation of the Immigration Act of February 5, 1917 (39 Stat. 889) for the following reason: "That he has been found managing a house of prostitution or music or dance hall or other place of amusement or resort, habitually frequented by prostitutes." May 6, 1926, he was taken into custody under the warrant and accorded a hearing before an immigration inspector at Providence, who made a report to the Department of Labor sustaining the allegations of the warrant. Thereafter the Board of Review, having examined the record and report of the immigration inspector, made its report to the Secretary of Labor recommending that the alien be deported to Italy. And the Assistant Secretary of Labor, being satisfied that the alien was found in the United States in violation of the Immigration Act of February 5, 1917, on August 26, 1927, issued a warrant of deportation ordering that he be returned to Italy, the country whence he came. Thereupon the appellant filed his petition for a writ of habeas corpus, and, the case having been heard in the District Court, the order or decree above set forth was entered, from which this appeal is taken.

The provisions of law under which these proceedings were had and deportation order-

ed are found in section 19 of the Act of February 5, 1917, 39 Stat. 889 (8 USCA § 155).

The Circuit Court of Appeals for the Ninth Circuit, in construing section 19 of the act, in Weedin v. Tayokichi Yamada, 4 F.(2d) 455, 456, said: It "provides for the deportation of certain classes of aliens upon the warrant of the Secretary of Labor. In some instances the deportation is for acts committed before entry; in others for acts committed after entry. In some instances there is a time limit of five years; in others there is a time limit of three years, and in still others there is no time limit at all. The section first provides that, at any time within five years after entry, any alien who, at the time of entry, was a member of one or more of the classes excluded by law, shall be deported. Then follow provisions for the deportation of different classes of aliens, with different time limits, or with no time limit, until we reach the provision, 'Any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude,' for which no time limit is fixed or specified." In that case deportation proceedings had not been instituted within five years after entry of the alien into the country, and the question was whether the five-year limitation contained in the first clause of section 19 was exclusive and applied to the last clause above quoted relating to an alien convicted, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude, for which no time limit was specified. It was there held that the five-year limitation contained in the first clause of section 19 was not exclusive and did not apply to the later clauses of the section, which fixed no time limit.

This construction has been upheld by this court as applied to that clause of section 19 relating to managing a house of prostitution, etc., here under consideration. Cafaro ex rel. Filippo v. Tillinghast (D. C.) 31 F.(2d) 384; Cafara ex rel. De Filippo v. Tillinghast (C. C. A.) 31 F.(2d) 1009. In that case it appeared that Filippo entered the United States in 1900; that, in 1926, he was arrested for deportation on the ground that he had, while in the United States, been found managing a house of prostitution and receiving, sharing in, or deriving benefits from, the earnings of prostitutes. There the only question was whether the five-year limitation applied to the class of aliens to which the relator had been found to belong. In the District Court it was held that it did not

apply. And when the case came before this court on appeal (31 F.(2d) 1009), the judgment or decree of the District Court was affirmed.

The same conclusion has been reached with respect to this clause of section 19 in Ranieri v. Smith, 49 F.(2d) 537 (C. C. A., 7th Cir.). For other cases in which Circuit Courts of Appeals have held that the five-year limitation provided for in the first clause did not apply to other clauses containing no specific limitations, see Tillinghast v. Cresswell, 54 F.(2d) 459 (C. C. A., 1st Cir.) decided December 17, 1931; Lauria v. United States, 271 F. 261 (C. C. A., 2d Cir.), certiorari denied 257 U. S. 635, 42 S. Ct. 48, 66 L. Ed. 408; Pillisz v. Smith, 46 F.(2d) 769 (C. C. A., 7th Cir.); McLeod v. Nagle, 48 F.(2d) 189 (C. C. A., 9th Cir.); Weedin v. Tayokichi Yamada, 4 F.(2d) 455 (C. C. A., 9th Cir.). The only case reaching a contrary conclusion, which we have been able to find, decided by a Circuit Court of Appeals, is Hughes v. Tropello, 296 F. 306, 309 (3rd Cir.).

We regard the question as settled, at least for this circuit, and that the order of deportation in this case was not rendered invalid by the fact that the deportation proceedings were not instituted, [section 20 of the Immigration Act of February 5, 1917 (8 USCA § 156); United States ex rel. David v. Tod (C. C. A.) 289 F. 60; Nocchi v. Johnson (C. C. A.) 6 F.(2d) 1], within five years after the alien's entry into the country.

The ground assigned and particularly relied upon by the petitioner in his brief is that he has continuously resided in the United States for the last twenty-five years, during which time he has married and had a family, and that the order of the Department of Labor ordering his deportation to Italy is in violation of article 8 of articles of Amendment to the Constitution of the United States, which provides that "cruel and unusual punishments [should not be] inflicted." This contention is without merit. It is well settled that "an alien resident in the United States may be deported for any reason which Congress has determined will make his residence here inimical to the best interests of the government"; and that "deportation, when ordered by the proper executive officer of the government, is not visited upon the alien as a penalty for any crime, and the fact that the reason assigned for his deportation may constitute a crime under the local law does not make the hearing upon depor-

tation a trial in a criminal case, to be conducted under the rules of evidence that apply to such a trial," or the order of deportation a punishment within the provisions of the amendment above quoted. Skeffington v. Katzeff (C. C. A.) 277 F. 129; Fong Yue Ting v. United States, 149 U. S. 698, 13 S. Ct. 1016, 37 L. Ed. 905; Zakonaite v. Wolf, 226 U. S. 272, 275, 33 S. Ct. 31, 57 L. Ed. 218, and cases there cited.

The order or decree of the District Court is affirmed.

MORTON, District Judge (concurring).

I concur for the reason that the present case is covered by the decision of this court in Cafara ex rel. De Filippo v. Tillinghast, 31 F.(2d) 1009.

As an original question this construction of the statute seems to me erroneous, and the view of it taken in Hughes, Commissioner, v. Tropello (C. C. A.) 296 F. 306, which I followed—the Cafara Case not being called to my attention—and somewhat elaborated in Tillinghast v. Cresswell, 54 F.(2d) 459 (C. C. A., 1st Cir.), decided December 17, 1931, to be the correct one. There are possibilities of shocking cruelty, as the cases show, in a deportation statute having no period of limitation. There are the same humanitarian reasons for limitation of the right to deport as there are for limitation on prosecutions for crime. It seems to me that section 19 is a recognition of this fact and is intended as a general statute of limitations on deportations. The only careful analysis of the language of section 19 which has come to my attention is in McLeod v. Nagle, Commissioner, 48 F.(2d) 189 (C. C. A. 9), where much reliance is placed on the use of the semicolons between the different clauses; it is thought that they operate to cut off the limiting words, "At any time within five years," with which the section begins from all but the first clause. Inasmuch, however, as the semicolons are interposed between the different subjects of the common verb and the verb itself, their use is so unorthodox as to furnish little guide in interpreting the section. They are really used like commas, and I do not think they separate the important words with which the section begins from the verb "shall * * * be taken into custody and deported," with which the sentence concludes, nor from the intermediate clauses which do not contain their own limitation provisions, or which are not governed by the three-year limitation.