## RAFTERY ex rel. GIACOMAZZI v. TILLING-HAST, Com'r of Immigration.
### No. 2757.

Circuit Court of Appeals, First Circuit.
Jan. 31, 1933.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a decree of the District Court for Massachusetts in a habeas corpus proceeding dismissing the petition and denying the writ.

The material facts are: That the appellant and his wife arrived at the port of New York from Italy (their native country) on April 16, 1924; that, the Italian quota being full, they were admitted temporarily for four months, under the provisions of the Quota Act of 1921 (Act of May 19, 1921, § 2 (a) (4), 42 Stat. 5); that having failed to depart from the country on the expiration of that period, a warrant was issued May 14, 1925, for their arrest and deportation, upon certain stated grounds; that, owing to the inability of the department to locate them, they were not arrested until July 20, 1928; that, during the course of the deportation proceedings subsequent to their arrest, the case was reopened and the aliens given notice of the following charge: "That they are in the United States in violation of the Act of May 19, 1921, as amended by Public Resolution 55, approved May 11, 1922, in that the quota allowed to the country of which they are natives, for the fiscal year ending June 30, 1924, was exhausted at the time of their entry." That, after a hearing before the immigration authorities on this charge and a review by the Board of Review, a warrant of deportation was issued February 27, 1929, by virtue of which the aliens were taken into custody and detained by the respondent; and that, thereafter, these proceedings in habeas corpus were instituted.

In the District Court it was found that, while the temporary entry or landing of the aliens was at a time and place designated by the immigration officials and was lawful, they being aliens visiting the United States as tourists or temporarily for business or pleasure, the Italian quota for that fiscal year being full, nevertheless their continued sojourn here, after the expiration of the four months, so altered their status as nonimmigrants and so plainly violated the conditions imposed upon their entry by the immigration officials, that there was no doubt that they fell within the description of aliens who are in the United States in violation of the laws of the United States, and, as such, could be deported within five years after entry; that the five-year limitation contained in the first clause of section 19, chap. 29 of the Immigration Act of February 5, 1917 (39 Stat. 889, 8 USCA § 155) applied and not the three-year limitation contained in said section, and although they had not been arrested on the warrant within three years from the time of their entry, they had been within five years.

The only question argued and here relied upon by the appellant is whether the District Court erred in holding that the three-year limitation did not apply, that the five-year limitation applied, and that the appellant, having been arrested on the warrant within five years after entry, was subject to deportation. It may be said, however, that we are of the opinion that the aliens, having been permitted to enter or land temporarily for four months, by intentionally remaining or refusing to depart after that time, were in the United States in violation of the laws of the United States. Section 2 (a) (4) of the Quota Act of May 19, 1921. United States v. Day (C. C. A.) 43 F.(2d) 917; Hurst v. Nagle (C. C. A.) 30 F.(2d) 346; Domenici v. Johnson (C. C. A.) 10 F.(2d) 433; Wong Hop v. United States (C. C. A.) 35 F.(2d) 596; Rule 3, subdivision H, of Rules and Regulations Act February 5, 1917, and May 26, 1924.

Section 19 of the Immigration Act of February 5, 1917 (39 Stat. 889, 8 USCA § 155) provides:

"At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; any alien who shall have entered

or who shall be found in the United States in violation of this subchapter, or in violation of any other law of the United States; * .* * at any time within three years after entry, any alien who shall have entered the United States by *water* at any time or place *other than* as designated by immigration officials, or by *land* at any place *other than* one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

It will be observed that the clause of section 19 under which the appellant is sought to be deported is not the first one containing the five-year limitation, nor the last-quoted clause containing the three-year limitation, but is the second clause of the section which contains no limitation and provides that "any alien who shall have *entered* or who shall be *found* in the United States in violation of this subchapter, or in violation of *any other law* of the United States" shall be deported; and that, unless the five-year limitation of the first clause applies to the second one, then there is no time limit upon the power of removal of the class of aliens specified in the second clause.

, In Costanzo v. Tillinghast, 56 F.(2d) 566, Cafaro v. Tillinghast (D. C.) 31 F.(2d) 384, affirmed 31 F.(2d) 1009, and Tillinghast v. Cresswell, 54 F.(2d) 459, this court held that the five-year limitation contained in the first clause of section 19 did not apply to the later clauses of the section which fixed no time limit, and the Supreme Court, in reviewing our decision in Costanzo v. Tillinghast, 287 U. S. 341, 53 S. Ct. 152, 77 L. Ed. ——, decided December 5, 1932, upheld the ruling of this court in that particular.

But if either of the clauses containing the five or three-year limitation is applicable to this case, even then, on the facts here appearing, the deportation proceedings were seasonably instituted. The aliens entered the country April 16, 1924. The warrant of arrest issued May 14, 1925, or within a year and a month after the entry of the aliens into the country. The deportation proceedings were "instituted" within the meaning of sections 19 and 20 of the Immigration Act of February 5, 1917 (8 USCA §§ 155, 156), when the warrant of arrest was issued. Costanzo v. Tillinghast, 287 U. S. 341, 53 S. Ct. 152, 77 L. Ed. ——, supra, decided December 5, 1932; Id. (C. C. A.) 56 F.(2d) 566, 567; . Tillinghast v. Cresswell (C. C. A.) 54 F.(2d)

459. It cannot be that, after a warrant of arrest has issued, the alien may keep the statute tolling by concealing himself and thus avoiding arrest. Congress could not have entertained such an intention. To so construe the law would be to put a premium on the capacity of the alien to avoid arrest and defeat the purpose of the law.

The order or decree of the District Court is affirmed.