**UNITED STATES ex rel. AZZARELLO v. KESSLER.**

No. 8232.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1937.

Rehearing Denied March 22, 1937.

R. A. Dowling, of New Orleans, La., and Joseph S. Guerriero, of Monroe, La., for appellant.

Ben F. Roberts, U. S. Atty., and J. Fair Hardin and Whitfield Jack, Asst. U. S. Attys., all of Shreveport, La., and Leon D. Hubert, Jr., Asst. U. S. Atty., of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

John Azzarello came to the United States in 1903. In 1920, in Ohio, he entered a plea of guilty to a charge of second-degree murder, and was sentenced to the penitentiary for life. In 1924, he was granted a commutation of sentence to the time already served, on condition that he leave the United States and never return. Thereafter, he remained outside the United States until December 26, 1927, when he returned, using a passport issued to another, and purchased by him, in Paris. He paid no head tax, was not inspected, and did not possess an immigration visa. After his return, he resided at Monroe, La., where he was arrested on May 18, 1936. After due hearing, a warrant of deportation was issued on two grounds; first, that he was an alien who was convicted and who admitted the commission of a felony or other crime or misdemeanor involving moral turpitude, prior to entry (8 U.S.C.A. § 155); and, second, that he

302

was an alien who at the time of entry was not entitled to enter the United States (8 U.S.C.A. §§ 213, 214). Thereupon, he brought habeas corpus proceedings, and now prosecutes this appeal from a judgment denying that relief.

Appellant contends that he cannot be deported for the offense of second-degree murder because of the five-year provision in the act. 8 U.S.C.A. § 155. However, it must be noted that the five-year limitation appearing at the head of the section is not to be read into any of the provisions thereof following the first semicolon. In Pillisz v. Smith (C.C.A.) 46 F.(2d) 769, 771, the court said:

"There are twelve different groups in section 19 which are subject to deportation, and a limitation as to time is separately stated in five, viz., 1, 3, 4, 5, and 12 (our numbers). As to the other seven there is no limitation of time specified in the clauses which describe the classes. It will be further observed that the seven last referred to do not follow the first clause immediately, nor consecutively. We think Congress intended to define classes of aliens who are undesirable, and by general provisions of law to exclude all within in a certain number of years, but provided specifically that certain classes—including the class to which the alien belongs— might be taken into custody and deported at any time. This last expression is found in Lauria v. United States (C.C.A.) 271 F. 261, but it must be considered as obiter dicta in that case. We are not citing it, however, as authority, but merely as expressive of our construction of the statute in the instant case."

Accepting this classification, it appears that appellant (being an alien who was convicted of a felony prior to entry) falls within the eleventh group, for which there is no prescribed limitation. See, also, Ranieri v. Smith (C.C.A.) 49 F.(2d) 537, certiorari denied, 284 U.S. 657, 52 S.Ct. 35, 76 L.Ed. 557; U. S. ex rel. Shladzien v. Warden of Eastern State Penitentiary (D.C.) 45 F.(2d) 204; Cafaro v. Tillinghast (D.C.) 31 F.(2d) 384; Ex parte Gin Kato (D.C.) 270 F. 343.

Since the warrant is authorized by section 19 (8 U.S.C.A. § 155), and is supported by the facts, we deem it unnecessary to consider the other points urged in the briefs. The judgment of the District Court is affirmed.