**CHIUYE INOUYE v. CARR, District Director, Immigration Service.**

No. 8755.

Circuit Court of Appeals, Ninth Circuit.

July 20, 1938.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Maurice Norcop, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from an order of the District Court discharging a writ of habeas corpus and remanding appellant to the custody of the appellee for deportation pursuant to an order of the Acting Secretary of Labor previously made.

Appellant, an alien, a subject of Japan, about 54 years of age, entered the United States on May 31, 1903 at the Port of San Francisco as a passenger of the S. S. America Maru and was admitted for permanent residence. He is married and has four American-born children. For some 30 years he has resided in the City of Los Angeles, State of California, and during most of this time has been engaged in the hotel business. For five and one half years preceding the hearing he was the manager of the Hotel Nesta in Los Angeles, in a district frequented by bootleggers, gamblers and prostitutes. The hotel consists of 32 rooms occupying the 2nd and 3rd floors of the building, some 20 of the rooms being rented by permanent guests and the remaining rooms being used by transients.

Acting upon a report from the Police Department of the City of Los Angeles that many arrests for prostitution had been made at the hotel, appellee applied to the Department of Labor at Washington, D.

C. for a warrant for appellant's arrest and on November 9, 1935, a warrant was issued directing that appellant be taken into custody and given a hearing to show cause why he should not be deported from the United States. On December 5, 1935, appellant was arrested under said warrant which charged that he "has been found managing a house of prostitution or music or dance hall or other place of amusement, or resort, habitually frequented by prostitutes, or where prostitutes gather," in violation of Section 19 of the Immigration Act of 1917, 39 Stat. 889, 8 U.S.C.A. § 155.

After a hearing before the Immigration Inspector and a review of all the proceedings by the Board of Review, the Acting Secretary of Labor, upon recommendation of the Board, issued his warrant directing the deportation of appellant to Japan. Appellant thereupon filed his petition in the United States District Court for a writ of habeas corpus. Upon issuance of the writ and return by appellee the cause was submitted on briefs. On November 15, 1937, the Court entered its order that the writ be discharged and that appellant be remanded to the custody of the Immigration Authorities. From this order the present appeal is taken.

Appellant presents two specifications of error for our review, namely; (1) the Court erred in holding that there was some evidence to sustain the findings on which the warrant of deportation of appellant was based; and (2) the Court erred in holding and deciding that the appellant had been given a fair hearing by the United States Immigration Service.

In support of his first specification appellant contends that not only was there no substantial evidence showing that appellant had ever at any time managed a house of prostitution, but on the contrary all of the evidence conclusively established that he was the manager of a bona fide hotel. He further contends that no evidence was offered tending to prove that he had any knowledge of the character or activities of the women arrested at the hotel, or that he had any connection with them, save as they might have been regular bona fide guests of the hotel.

Our own examination of the record and proceedings had before the Immigration Inspector convinces us that the findings of the Board are amply sustained by the evidence presented. The action taken by the Acting Secretary of Labor against the appellant is supported by the testimony of two police officers of the Los Angeles Police Department, and the record of arrests of prostitutes made at the Hotel Nesta.

Officers Selby and Rawson, members of the Vice Squad of the Los Angeles Police Department, called as witnesses at the hearing, testified in substance that they had made many arrests of women practicing prostitution at the Hotel Nesta; that these women so arrested were known prostitutes; that one of the women, Stella Ortega, had been arrested at the hotel on four different occasions, and that she was a regular roomer there; also many other known prostitutes had been seen entering the hotel, although never arrested on the premises. Officer Selby was asked at the hearing, "Is this Nesta Hotel known to the Police Department as a house of prostitution?" He replied, "It is."

Records introduced in evidence show arrests of women at this Hotel Nesta charged with engaging in prostitution on the following dates: February 23, 1935, April 8, 1935, June 20, 1935, August 1, 1935, August 8, 1935, September 4, 1935 and September 18, 1935. The Immigration Files further show that after the arrests had been made at the premises, a Mr. Charles Grist of the District Attorney's office notified appellant that it would be necessary for him to conduct the hotel in an orderly manner or further action would be taken against him.

Appellant stated that all who desired rooms in his hotel were first required to register, and that as soon as it came to his attention that any of his roomers were of a questionable character he refused them lodging. However, an examination of the hotel register, introduced as an exhibit at the hearing, revealed that in not a single instance did the names of any of the women so arrested appear thereon.

When confronted with the record of these many arrests made at his hotel, and the further fact that not one of the women so arrested had registered, appellant attempted to explain this by stating that they probably gave him assumed names or perhaps registered by the week. During the questioning of appellant by the Immigration Inspector in this regard he was particularly interrogated as to Mrs. Stella Ortega who had been repeatedly arrested at his place. He was asked if he knew

her by that name. He replied that he did but he was unable to satisfactorily explain the absence of her name from the hotel register.

The above is but a fragment of the evidence adduced upon the hearing. Appellant, throughout, experienced great difficulty in explaining why these women had failed to register and in accounting for his want of any knowledge of their activities.

The evidence justified the Board in finding that the Hotel Nesta was a place where prostitution was carried on, and where known prostitutes gathered, with the knowledge of appellant.

In the case of Ranieri v. Smith, 7 Cir., 49 F.2d 537, 538, where the alien had been arrested by an Immigration Inspector upon a warrant which charged him with managing a house of prostitution, and where said alien contended, as appellant does in the instant case, that there was no competent evidence to support the findings of the Immigration Authorities, the Court said:

"* * * the testimony presented a state of circumstances from which it would be difficult for a person of ordinary intelligence and moral conceptions to arrive at any other conclusion than that a house of prostitution was being conducted at the times and place in controversy, and under the ownership, supervision, management, and control of alien. While the work was being directly conducted by his servants, yet his presence there, both day and night, and his opportunities to observe their conduct, proves that he must have been cognizant of the continued acts of prostitution then and there being carried on.

"The evidence abundantly supports the finding, * * *."

A bona fide hotel is not so conducted that a person seeking a room therein for a legitimate purpose is required to register, while one entering surreptitiously and in the pursuit of an affair of a clandestine nature need not do so.

Three witnesses were called on behalf of appellant who testified to the effect that they had known him for some time; that he was well regarded among his friends and enjoyed the reputation of being straightforward and honest; that never once, in the frequent visits they had made to the hotel had they ever encountered anything which would lead them to believe that the hotel was not being conducted in a regular and respectable manner.

The credibility of these witnesses and the weight to be accorded the testimony is for the administrative officers, not for this Court. The rule is well settled that, "* * * the Board is the sole judge of credibility of the witnesses, and its finding will not be disturbed without a showing that the hearing was unfair and unreasonable, or that the finding was arbitrary or capricious. The weight of the evidence and the credibility of witnesses is not for us, but for the Board." Mui Sam Hun v. United States, 9 Cir., 78 F.2d 612, 615.

There remains for our consideration appellant's second specification of error to the effect that he was not given a fair hearing. In support thereof appellant contends that most of the evidence used against him consisted of statements of police officers who were not called as witnesses in the case and who were not present for cross-examination. The record discloses that the action taken against the appellant was based almost entirely upon the testimony of Officers Selby and Rawson. Both of these men not only testified upon the hearing but were cross-examined at great length by appellant's counsel. Charles Grist of the District Attorney's office also testified and was cross-examined.

Appellant was notified of the charges against him. He was advised of his right to counsel and was represented by counsel at the hearing; he was confronted with the witnesses against him and was given the opportunity to cross-examine them; witnesses were produced on appellant's behalf; in a word, all of appellant's rights were fully guarded and in no way was the hearing unfair or the action of the Immigration Inspector arbitrary. We believe that a fair hearing was had and due process accorded within the rule indicated in U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590.

Nothing appears in the record which would warrant our setting aside the order of the court below. There was sufficient evidence upon which the Board could make its findings that appellant had been managing a house of prostitution. Appellant was accorded a fair hearing.

The order of the District Court is affirmed.