KIELEMA v. CROSSMAN, Immigration Inspector.

No. 8963.

Circuit Court of Appeals, Fifth Circuit.
April 21, 1939.

Arthur J. Mandell, of Houston, Tex., for appellant.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Mees Kielema, an alien, was arrested and taken into custody by the United States Immigration Inspector at Houston, Texas, on August 24, 1936. After a prolonged hearing the Assistant Secretary of Labor issued a warrant on January 14, 1938, directing the deportation of Kielema to The Netherlands. On April 11, 1938, Kielema petitioned the District Court for a writ of habeas corpus. The court discharged the writ on April 20, 1938, and remanded Kielema to the custody of the Immigration Inspector for deportation. From the order of dismissal Kielema has taken this appeal.

Following his arrest Kielema was advised that he was to be accorded a hearing and the warrant of arrest was read and explained to him. The warrant charged that "he has been found managing a house of prostitution, or music or dance hall or other place of amusement, habitually frequented by prostitutes, or where prostitutes gather. That he has been found receiving, sharing in, or deriving benefit from the earnings of a prostitute" in violation of 8 U.S.C.A. § 155.

Kielema was advised that he had the right to be represented by counsel. Thereupon, he was immediately released and his hearing set for August 25, 1936. He employed counsel and they appeared at the hearing. At the request of his newly acquired counsel the hearing was again continued. When the case was resumed on September 3, 1936, the charges were again explained to the alien in the presence of his counsel and the evidence was presented upon which the warrant of arrest was issued. This evidence consisted of the sworn statements of Grace Joliff Roberson and Thelma Parker. The Immigration Inspector produced the witnesses who had made the ex parte affidavits. These witnesses identified their respective statements and were then fully cross-examined by appellant's counsel. Kielema was given the opportunity to produce evidence and witnesses in his own behalf which he did.

Kielema contends that he was not given a fair hearing before the immigration authorities. He attacks the ex parte statements of the witnesses and asserts that there was no substantial evidence to support the warrant of deportation.

In a deportation proceeding the alien must be accorded a fair hearing. To render a hearing unfair, the defect or practice complained of must have been such as might have led to a denial of justice, or there must have been absent an element deemed essential to due process. The charge of unfairness in this proceeding is without support. The alien was fully advised of the charges against him; was advised of his right to have counsel, and was given the opportunity to cross-examine adverse witnesses. He produced witnesses in his own behalf, and was given numerous continuances and delays in which to prepare his case and secure counsel. This was not denial of a fair hearing. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L. Ed. 590; Hays v. Zahariades, 8 Cir., 90 F. 2d 3; Chiuye Inouye v. Carr, 9 Cir., 98 F.2d 46; Murdoch v. Clark, 1 Cir., 53 F. 2d 155.

The credibility of the witnesses and the weight of their testimony was for the immigration authorities. On habeas corpus, if the petitioner has been given a fair trial, the court will not disturb the findings of fact of the immigration authorities if such findings are supported by substantial evidence. There was substantial evidence to support the findings and deportation order. Lindsey v. Dobra, 5 Cir., 62 F.2d 116; Ranieri v. Smith, 7 Cir., 49 F.2d 537; Jew Hong Sing v. Tillinghast, 1 Cir., 35 F.2d. 559.

The judgment is affirmed.