MATTER OF T—

In DEPORTATION Proceedings

A-11465252

*Decided by Board May 8, 1962*

Deportability—Section 241(a)(4)—Single scheme—Fair hearing—Admissibility of preliminary statement—Limitation of cross-examination.

(1) Where respondent stood mute, Government has met its burden of establishing by competent evidence that the two crimes committed did not arise out of a single scheme of criminal misconduct by introduction of respondent's preliminary statement and court records of his convictions.

(2) Respondent's preliminary statement under oath, which was voluntarily made, is properly admissible in evidence.

(3) Curtailment of counsel's cross-examination of Government witness when it became apparent that the line of questioning was directed to the witness' motives and other circumstances concerned with respondent's arrest did not render hearing unfair, inasmuch as substantial and probative evidence of deportability had already been introduced into the record.

(4) Alleged atmosphere of tension created by respondent's refusal to testify or be sworn did not result in unfair hearing.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—After entry convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit: attempted petit larceny and attempted petit larceny.

## BEFORE THE BOARD

DISCUSSION: The respondent appeals from an order entered by the special inquiry officer on December 26, 1961, directing his deportation as an alien convicted of two crimes involving moral turpitude and not arising out of a single scheme of criminal misconduct, to wit, attempted petit larceny and attempted petit larceny (8 U.S.C. 1251(a)(4)). A memorandum of law in support of the appeal urges procedural and substantive error.

The respondent concedes that he is the person named in the order to show cause. He stood mute on advice of counsel when questioned concerning alienage and deportability. Documentary evidence introduced during the course of the hearing establishes that the respondent is a native and citizen of Germany, male, unmarried, 25 years

of age, who last entered the United States as an immigrant through the port of New York on September 3, 1958. Exhibits 3, 4, 5 and 7 are certified records of the respondent's conviction on two occasions in the Court of Special Sessions of New York City for attempted larceny. The offenses were committed on May 1, 1961, and July 23, 1961, and involved the attempted larceny of property belonging to one F—.

Counsel maintains that the finding of deportability is not supported by credible, substantial and probative evidence in that the documents involved and respondent's preliminary statement were improperly admitted over counsel's objections. Exhibit 6 is a sworn statement taken from the respondent on November 14, 1961. The respondent agreed to make the statement voluntarily under oath (p. 1 of Exh. 6). 8 CFR 242.14(c) provides, in substance, that a special inquiry officer may receive in evidence any oral or written statement previously made by the alien and relevant to the issue before him. We find no error on the part of the special inquiry officer in admitting in evidence the recorded statement and other documents material to the issue of deportability. Cf., *United States ex rel. Impastato* v. *O'Rourke*, 211 F.2d 609 (C.A. 8, 1954), cert. den. 348 U.S. 827 (1954).

Counsel urges prejudicial error in that the special inquiry officer arbitrarily curtailed cross-examination of the Government's witness which sought to develop the illegality of the respondent's arrest without a warrant. We have carefully reviewed that portion of the record concerned with the respondent's arrest without a warrant. Counsel was allowed wide latitude in cross-examining the immigration officer on the subject of whether any evidence was obtained by unlawful search and seizure. Counsel's cross-examination was curtailed only when it became apparent that his line of questioning was directed to developing whether there was credible testimony on the part of the Government's witness with regard to the alien's arrest without a warrant. Inasmuch as substantial and probative evidence of deportability had already been introduced into the record, no error was committed when the special inquiry officer limited counsel's repeated attempts to cross-examine the Government's witness on his motives and other circumstances concerned with the respondent's arrest (8 CFR 242.8, and see *Kielema* v. *Crossman*, 103 F.2d 292 (C.A. Tex., 1939)).

Counsel's brief charges that the reaction of the special inquiry officer to respondent's refusal to testify or be sworn created an atmosphere of tension and antagonism which as a matter of due process and policy require a reversal of the order of deportation. A deportation proceeding is civil rather than criminal and the fact that an alien claims privilege against self-incrimination does not

grant him privilege with respect to his identity and the burden of showing the time, place and manner of his entry into the United States (8 U.S.C. 1361; cf., *Vlisidis* v. *Holland*, 150 F. Supp. 678, aff'd 245 F.2d 812 (C.A. 3, 1957)).

We note that counsel made no attempt during the course of the hearing to have the special inquiry officer disqualify himself. Under the circumstances, it is not proper for him to raise this issue on appeal. The fact that the record created amounts to 112 pages, notwithstanding the fact that the respondent stood mute, is not persuasive of a finding that the respondent was denied due process of law by reason of the special inquiry officer's antagonism or hostility.

Counsel urges error in the finding that the two crimes committed by the respondent did not arise out of a single scheme of criminal misconduct. He argues that under precedent court decisions[1] the burden is upon the Government to establish that the offenses did not arise out of a single scheme of criminal misconduct and that the Government has made no attempt to meet this burden. Counsel cites the case of *Wood* v. *Hoy* (*supra*[1]) as authority for his argument.

We agree with counsel that the burden is upon the Government to establish by competent evidence that the two crimes did not arise out of a single scheme of criminal misconduct. Inasmuch as the respondent stood mute, this burden was met by the best evidence available, namely, respondent's preliminary statement and the court records of his conviction.

The case before us is distinguishable from the *Wood* case cited by counsel (*supra*[1]). The only evidence on the subject of single scheme in the *Wood* case was the alien's testimony that there was an agreement to participate in two robberies which were subsequently committed. The Government made no attempt to impeach the alien's testimony.

Here the alien has stood mute. Apparently the court recognized that such a situation could arise because it said:

It may be that in some cases the proof of the commission of two crimes may be the very nature of the crimes themselves, or the time or circumstances of their commission, be reasonable, substantial and probative evidence that they did not arise out of a single scheme of criminal misconduct . . . (*Wood* v. *Hoy*, *supra*, at page 831)

The respondent's testimony at pages 4 and 5 of his statement (Exh. 6) is affirmative evidence that two separate and distinct crimes were committed by the respondent and that the crimes were not the end result of a preconceived plan. The special inquiry officer has fully evaluated this evidence and finds that deportability is established. We find no error on the part of the special inquiry officer

---

[1] *Wood* v. *Hoy*, 266 F.2d 825 (C.A. 9, 1959); *Khoury* v. *Hoy* (unreported S.D. Cal., 1959); *Zito* v. *Moutal*, 174 F. Supp. 531 (D.C. Ill., 1959); *Jeronim* v. *Murff*, 157 F. Supp. 808 (S.D. N.Y., 1957).

We find no basis for reversing the special inquiry officer's order and remanding the case for a hearing *de novo*. The respondent was represented by counsel of his own choosing. He was given a full opportunity to testify in his own behalf. He declined this opportunity and made no effort to rebut the evidence introduced by the Government. The opportunity thus afforded him and the proof offered by the Government comply in all respects with the statutory requirements set forth in 8 U.S.C. 1252(b). The respondent's failure to present evidence in his own behalf and to rebut that proffered by the Government does not render the hearing unfair or deprive him of due process in any respect. The conclusion of the special inquiry officer is supported by reasonable, substantial and probative evidence. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.