**BENETAZZO v. BONHAM, Commissioner of Immigration, etc.**

Circuit Court of Appeals, Ninth Circuit. May 23, 1927.

No. 5061.

Aliens ⬤⟿54(9)—Finding that alien shared in earnings of prostitute held justified by evidence, warranting deportation (Immigration Act 1917, § 19 [Comp. St. § 4289¼jj]).

In deportation proceedings, under Immigration Act 1917, § 19 (Comp. St. § 4289¼jj), evidence *held* to sustain finding that alien received, shared in, and derived benefits from the earnings of a prostitute, justifying order of deportation.

Habeas Corpus. Application by Ricardo Benetazzo against R. P. Bonham, Commissioner of Immigration at the Port of Portland, Or. From an order denying writ, petitioner appeals. Affirmed.

E. E. Heckbert, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Forrest E. Littlefield, Asst. U. S. Atty., both of Portland, Or., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Appeal from an order denying application for a writ of habeas corpus, following an order of deportation of appellant Benetazzo, an alien Italian, for having been found "receiving, sharing in, and deriving benefit from the earnings of a prostitute." Section 19, Immigration Act of 1917 (Comp. St. § 4289¼jj).

At a hearing before the immigration authorities, Albertina Astrada testified that she first met appellant about 1918; that at various times for more than four years thereafter she was employed as a domestic in houses of prostitution, and also practiced prostitution herself; that during such times she turned over to appellant a large part of her earnings as a prostitute; that she paid for his clothes, and for furniture in one of the houses in which they lived in Tacoma in 1922; that she practiced prostitution while she lived in Tacoma. Police officers in Portland corroborated her testimony in respect to employment in known houses of prostitution. Other witnesses testified that the woman paid for clothing for Benetazzo, and also gave him large sums of money at different times.

Benetazzo denied that the woman practiced prostitution or gave him money. On the contrary, he said that he had worked at different times in a brass factory, and had given the woman his checks, and had assisted her purely out of kindness. All such testimony was competent, and properly for consideration by the immigration authorities. We cannot say that erroneous conclusions of fact were drawn from it. Vajtauer v. Commissioner of Immigration, 47 S. Ct. 302, 71 L. Ed. —— (Jan. 3, 1927); Tisi v. Tod, Com'r, 264 U. S. 133, 44 S. Ct. 260, 68 L. Ed. 590.

There being no showing of unfairness in the hearing, the order of the District Court must be affirmed.

Affirmed.