COSTANZO *v.* TILLINGHAST, COMMISSIONER OF IMMIGRATION.

No. 110. Argued November 17, 18, 1932.—Decided December 5, 1932.

342

*Mr. William H. Lewis* for petitioner.

*Mr. Whitney North Seymour,* with whom *Solicitor General Thacher, Assistant Attorney General Dodds,* and *Messrs. Harry S. Ridgely* and *Albert E. Reitzel* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Section 19 of the Act of February 5, 1917,[1] directs, *inter alia,* the deportation of any alien who manages a house of prostitution. The petitioner, a citizen of Italy, was arrested, given a hearing, and ordered deported as such a manager. By writ of *habeas corpus* he challenged the legality of the order. The District Court dismissed the writ, and the Circuit Court of Appeals affirmed the decree.

A claim of violation of constitutional rights made in the court below has been abandoned. The Circuit Court of Appeals properly negatived the asserted absence of any evidence to support the action of the Secretary of Labor,

---

[1] Ch. 29, 39 Stat. 874, 889.

and therefore refused, as we do, to review that officer's findings. *Low Wah Suey* v. *Backus,* 225 U. S. 460, 468; *Zakonaite* v. *Wolf,* 226 U. S. 272, 275; *Tisi* v. *Tod,* 264 U. S. 131, 133; *Vajtauer* v. *Commr. of Immigration,* 273 U. S. 103, 106.

Certiorari was granted to resolve a question as to the construction of § 19 of the Act of 1917, which the petitioner says authorized deportation for the cause assigned only within the five years ensuing entry. He entered this country much more than five years prior to the issuance of the warrant for his arrest.

The section, containing nearly nine hundred words, is a single sentence, divided by semi-colons and colons into clauses, qualified by five provisos. The opening clause is: " That at any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; " and the predicate or final clause is, " shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." Inserted between these, and separated from the first and from each other by semicolons, are eleven subject-clauses each referring to variously described aliens, as " any alien who " etc., and each having as its predicate the clause above quoted, " shall be taken into custody," etc. The evident purpose is to catalogue in one omnibus section the different classes of aliens who may be deported and thus avoid repetition of the predicate verbs.

The dispute is as to whether the qualifying phrase of the first clause, " within five years after entry," is to be carried over from the clause in which it appears and is to be read into each following subject clause, including that applicable to the petitioner, or is to be limited in effect to its own clause. The petitioner urges that the grammatical structure of the sentence and the punctuation require the adoption of the first alternative, while in support of the second the Government appeals to the evident mean-

ing of the entire section, the legislative history, and settled departmental interpretation.

It is to be noted that of the eleven clauses following the first, three contain references to periods of time after entry within which the described aliens may be deported. Thus, with reference to the classes which may be shortly defined as " anarchists " and " convicts," the phrase used is " at any time after entry "; concerning those who have entered without inspection, the limitation is " at any time within three years after entry." Respecting the remaining seven categories contained in as many separate clauses (including that applicable to this case, " any alien who manages . . . any house of prostitution . . . ; ") no words of time are employed. Certainly, then, the five year limitation of the first clause does not apply to all the subsequent ones; and since the phrase has a proper office in qualification of the class specified in the clause in which it appears, its effect should be limited to that class and not carried over to the others.

It has often been said that punctuation is not decisive of the construction of a statute. *Hammock* v. *Loan & Trust Co.*, 105 U. S. 77; *Ford* v. *Delta & Pine Land Co.*, 164 U. S. 662; *Barrett* v. *Van Pelt*, 268 U. S. 85; *United States* v. *Shreveport Grain & Elevator Co.*, ante, p. 77. Upon like principle we should not apply the rules of syntax to defeat the evident legislative intent.

The meaning of the sentence is made even plainer by the third proviso, which is:

"*Provided, further,* That the provisions of this section, with the exceptions hereinbefore noted, shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States: . . ."

There is nothing upon which this proviso may operate if such of the preceding clauses as contain no time limitation are qualified by the words of the first fixing the limitation at five years; not so, however, if each clause

containing a time limitation is read separately as an exception to the general rule declared by the proviso. We must look to the whole of the section, in order not to give undue effect to particular words or clauses (*Brown* v. *Duchesne,* 19 How. 183, 194; *Pollard* v. *Bailey,* 20 Wall. 520, 525), and when so read the proviso precludes a construction which would carry into all subsequent clauses the five year limitation contained in the first.

If more were needed, the legislative history of § 19 shows that it is a compilation of earlier acts specifying different grounds for deportation; that in the prior legislation affecting aliens managing houses of prostitution, etc., no time limitation was included and that in combining those acts to form the present section Congress did not intend to impose a period of limitation with respect to this cause for deportation.[2] The administrative interpretation, as evidenced by the applicable Rules of the Bureau of Immigration adopted in 1917 and carried forward in later regulations, has been uniform to the effect that no time limitation is applicable in a case like the present.[3] The failure of Congress to alter or amend the section, notwithstanding this consistent construction by the department charged with its enforcement, creates a presumption in favor of the administrative interpretation,· to which we should give great weight, even if we doubted the correctness of the ruling of the Department of Labor. *Fawcus Machine Co.* v. *United States,* 282 U. S. 375, 378; *McCaughn* v. *Hershey Chocolate Co.,* 283 U. S. 488, 492.

The judgment is

*Affirmed.*

---

[2] Act of March 26, 1910, c. 128, § 2, 36 Stat. 263; Senate Report No. 352, to accompany H. R. 10384 (64th Cong., 1st Sess.).

[3] Rules of Bureau of Immigration, May 1, 1917 (1st ed., May, 1917), rule 22; 2d ed., November, 1917; 3d ed., March, 1919; 4th ed., February, 1920; 5th ed., December, 1920; 6th ed., September, 1921; 7th ed., August, 1922. See, also, Rules of the Bureau of Immigration, February 1, 1924, p. 31, and of July 1, 1925, p. 63.