### UNITED STATES ex rel. RYDBERG v. REIMER, Dist. Com'r of Immigration and Naturalization.

District Court, S. D. New York.
Oct. 5, 1936.

Samuel Mazzola, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (Craigh Leonard, of New York City, of counsel), for respondent.

MANDELBAUM, District Judge.

The relator herein seeks an order sustaining a writ of habeas corpus procured in her behalf. The facts are not in

dispute, and the question involved is simply one of law.

The alien, who is a citizen of Sweden, arrived in New York on the 3d day of April, 1919, and was thereupon legally admitted to the United States, where she continually resided up to the present time.

On January 5, 1922, she was convicted of the crime of criminally receiving stolen goods in the second degree and was sentenced to the penitentiary of the city of New York. Subsequently, she was released on parole on May 9, 1924. In examining the record of the Immigration Authorities, it appears that since her release on parole she was arrested in 1934 and charged with grand larceny, and in 1935 was again arrested and charged with grand larceny. However, no conviction followed in these cases.

On August 5, 1936, she was ordered deported on the ground that she was sentenced to a term of imprisonment for more than one year because of a conviction in this country, of the crime of criminally receiving stolen goods in the second degree. There appears to be no question that this crime involves moral turpitude within the meaning of the deportation statute [Tillinghast v. Edmead (C.C.A.) 31 F.(2d) 31], and consequently, makes the relator a person subject to deportation.

The section under which the relator has been ordered deported is section 155 of title 8 of the United States Code (8 U.S.C.A. § 155) which reads in part: *"At any time within five years after entry,* any alien who at the time of entry was a member of one or more of the classes excluded by law; * * * except as hereinafter provided, any alien who, after May 1, 1917, *is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or* who is sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." (Italics mine.)

The relator argues in effect that the words, "at any time within five years after entry," which constitute the first clause of this section, apply to each subdivision thereafter described, excepting where a definite time is specifically stated, and therefore the five-year limitation applies to the class to which the alien belongs.

That this conclusion is erroneous is no longer open to argument. The United States Supreme Court has ruled that the five-year limitation should be confined to the *first class of aliens described.* This expression by our highest court can be found in the case of Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350. At page 344 of 287 U.S., 53 S.Ct. 152, 153, Mr. Justice Roberts, said: "Certainly, then, the five-year limitation of the first clause does not apply to all the subsequent ones; and, since the phrase has a proper office in qualification of the class specified in the clause in which it appears, its effect should be limited to that class and not carried over to the others."

Judge Manton, speaking for the Circuit Court of Appeals of this district, reached a like conclusion in Lauria v. U. S., 271 F. 261, at page 263, certiorari denied 257 U.S. 635, 42 S.Ct. 48, 66 L.Ed. 408. In the course of his opinion he said: "We think Congress intended to pronounce classes of aliens who are undesirable and, by general provision of law, exclude all within five years, but provided specifically that certain classes, including the class to which the appellant belongs, might be taken into custody and deported at any time."

The point has now been reached where it becomes incumbent upon the court to decide whether or not a five-year limitation applies to the case at bar.

The court has examined the case of Tillinghast v. Cresswell ex rel. Di Pierro, a decision of the Circuit Court of Appeals of the First Circuit, decided on the 17th day of August, 1931, and reported, in 54 F.(2d) 459. Here, the Circuit Court vacated an order of the District Court of Massachusetts which discharged the relator and in turn directed the dismissal of the writ. The facts in that case, with the exception of a few minor differences with respect to dates, are almost on all fours with those at bar.

In coming to the conclusion that the five-year statute of limitations *did not* apply in that case, the court said, 54 F.(2d) at page 459, 460:

"If Congress intended that the five-year limitation should apply to every class enumerated in section 19, except the twelfth, where a period of three years is

provided, *the provisions in the fourth and fifth class, that the act on which deportation is based must be committed within five years of entry, was wholly superfluous;* since, if the alien can only be deported within five years after entry, ex necessitate, the act on which the writ of deportation is granted must be committed within the five-year period.

"The plain intent of the language describing the third class is also inconsistent with the five-year limitation within which the warrant of deportation must issue. An alien of the third class 'who *at any time* after entry shall be found, (etc.) * * * shall be deported.'" (Italics mine.)

The court is in accord with the reasoning of the latter case and the cases therein cited, and will, therefore, uphold the contention of the government.

In passing, the court has noted the case of Hughes v. Tropello (C.C.A.) 296 F. 306, cited by the relator. Not only does that case deal with facts dissimilar to the ones at bar, but appears to stand practically alone against all the authorities. The court feels that it is not determinative of the issues herein presented.

The writ of habeas corpus is dismissed and the relator remanded for deportation in accordance with the warrant issued.