### INTERNATIONAL MERCANTILE MARINE CO. v. LOWE (MALONEY, Intervener).

District Court, S. D. New York.
May 7, 1937.

Burlingham, Veeder, Clark & Hupper and Ray Rood Allen, all of New York City, and Edward L. Smith, of Utica, N. Y., for plaintiff.

Lamar Hardy, U. S. Atty., and David W. Wainhouse, Asst. U. S. Atty., both of New York City, for defendant Lowe.

Julius R. Lippman, of New York City, for defendant Margaret Maloney.

GODDARD, District Judge.

This is an injunction proceeding brought by the plaintiff, the International Mercantile Marine Company, pursuant to section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 921(b) to set aside in part an order issued by Deputy Commissioner Lowe on November 19, 1934, awarding compensation to Margaret Maloney, the widow of Michael Maloney, a former employee of the International Mercantile Marine Company.

On April 5, 1927, Maloney was injured while in plaintiff's employ as a longshoreman. Plaintiff paid to Maloney a total of $6,375 as disability compensation covering the period from the date of the accident to May 17, 1934, when Maloney died as a result of the injury. Upon his death his widow filed a claim with the United States Employers' Compensation Commission and the Deputy Commissioner awarded the widow $10.50 a week from the date of the death until she should have received $7,500 in death benefits, or until her status of dependent widowhood changed.

The pertinent provisions of statute are:

Section 8(a) of the Act of March 4, 1927, 44 Stat. 1424, title 33 U.S.C.A. § 908(a):

"(a) *Permanent total disability:* In case of total disability adjudged to be permanent 66⅔ per centum of the average

weekly wages shall be paid to the employee during the continuance of such total disability. Loss of both hands, or both arms, or both feet, or both legs or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts."

Section 9 of the act, title 33 U.S.C.A. § 909, in part:

"If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following."

Section 13(a) of the act, title 33 U.S. C.A. § 913(a):

"(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

Section 14(m) of the act, title 33 U. S.C.A. § 914(m):

"(m) The total compensation payable under this chapter for injury or death shall in no event exceed the sum of $7,-500."

The contention of the plaintiff is that the Deputy Commissioner erred in awarding to the deceased employee's widow a death benefit aggregating a maximum of $7,500 and failing to credit against such amount the sum of $6,375 paid as disability compensation to the employee prior to his death. The government urges that the award of the deputy commissioner is in accordance with the statute.

Section 8 of the act (33 U.S.C.A. § 908) provides for the right of an injured employee to compensation for disability and section 9 of the act (33 U.S.C.A. § 909) provides for death benefits to his widow. These rights are separate. One accrues to the husband on the ground of his disability; the other to the widow and

dependents as death benefits upon his death should it occur as a result of the injury. The amount to which the widow and dependents are entitled is for their exclusive benefit and is entirely separate from the compensation for disability granted the employee himself which, except in certain cases involving permanent and partial disability under the schedule, terminate upon his death.

The plaintiff contends that under section 14(m), 33 U.S.C.A. § 914(m) these two rights are combined and the combined amount payable is a maximum $7,500.

The government's position is that this section provides for a maximum amount of $7,500 payable to the injured employee and for a maximum amount of $7,500 payable to the widow and dependents. Which of these contentions is right depends upon the interpretation of section 14(m), 33 U.S.C.A. § 914(m) and it says:

"(m) The total compensation payable under this chapter for injury or death shall in no event exceed the sum of $7,500."

This section is not clear and perhaps is susceptible to the interpretations adopted by each litigant. However, the word "or" should be interpreted in the light of its ordinary use. It is a disjunctive particle signifying an alternative, and according to Funk & Wagnall's Standard dictionary, is often used with "either" as a correlative. The correlative may be understood. If the correlative "either" be supplied it would be " * * * for (either) injury or death." This seems to me to simplify the meaning and to indicate that a separate limit of $7,500 each is intended for disability compensation and for death benefits.

If the act stated that the total amount payable for the loss of an eye "or" a limb shall not exceed $1,000, it is clear that in the event the employee lost both an eye and a limb, that the amount payable to him would be $1,000 for each of them, and that the limit of $1,000 applied to each separate loss, and not to them together.

■ It is a fundamental rule of statutory construction that every portion of a statute must be construed in connection with the whole. Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350. The Congress definitely provided for the death benefit for the widow, and it seems reasonable to assume, if it intended there was to be none in the event that the employee received a total compensation of $7,500, that the Congress would have included this important limitation in the sections providing for the death benefit. In some instances, if the plaintiff's interpretation is the correct one, there would be no death benefit for the widow and children, for if the injured employee lingered for several years, then died as a result of the injury, the payments of compensation to him might total $7,500, and the widow would receive nothing. That would be an exceptional instance, but we are dealing with an exceptional case. The death benefit would be seriously impaired if not entirely defeated. This would leave the widow and infant children unprovided for and would seem to be opposed to the policy of the statute.

Respective counsel have submitted excerpts from the Congressional record containing the discussion on the bill, each claiming to find in them support for their contentions, but these do not clarify the situation.

Counsel for plaintiff cite in support of its contention Sinclair's Case, 248 Mass. 414, 143 N.E. 330, and the government cites the opinion of the Supreme Court of Errors of Connecticut in the case of Jackson v. Berlin Construction Co., 93 Conn. 155, 105 A. 326, and Proops v. Twohey Bros., 29 Ariz. 164, 240 P. 277, as upholding its contention. But these cases relate to the particular statutes of those states, and throw little light on the intent of the Congress as expressed in section 14(m) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 914(m).

In some states the compensation acts provide for a single maximum. Others provide for separate benefits for disability and for death with separate limitations for each. A few states, like New York, have no maximum.

■ It is the policy of the courts to construe liberally in furtherance of its purpose such a law as the one now under consideration. Baltimore & Philadelphia Steamboat Co. v. Norton, etc., 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366. I do not think that this court should interpret this somewhat obscure section 14(m) (33 U.S.C.A. § 914(m) as saying that the compensation paid to the injured employee shall be deducted from the death benefit payable to the widow, thus in some instances leaving a widow without means of support,

in view of the undoubted intention of the Congress to make reasonable provisions for her in the event that her husband dies as the result of injury sustained in the course of his employment.

Accordingly, an injunction is denied and the award confirmed.