Ex parte NUNEZ.*

CARR, District Director of Immigration, v. NUNEZ.

No. 8642.

Circuit Court of Appeals, Ninth Circuit.

Dec. 1, 1937.

Ben Harrison, U. S. Atty., and Leo V. Silverstein and Francis Whelan, Asst. U. S. Attys., all of Los Angeles, Cal., for appellant.

David C. Marcus, of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal by the government from an order, issued in a habeas corpus proceeding, that Dolores Lopez Nunez, hereinafter referred to as the petitioner, be discharged from further custody or restraint of the immigration officers and not be deported.

Petitioner had been arrested by immigration officers and, after due hearings, the Department of Labor issued a warrant directing the deportation of the petitioner on the ground that she was a person who at the time on entry "was likely to become" a public charge (8 U.S.C.A. § 136) and who "within five years after entry" had become a public charge "from causes not affirmatively shown to have arisen subsequent to landing" (8 U.S.C.A. § 155). At this hearing evidence was adduced substantiating the following facts.

Petitioner, an alien, has continuously resided in the United States since 1922 except for several short visits to Mexico. Her three minor children are American born. Until his fatal illness in 1931, petitioner's husband supported the family. Since returning from her last visit to Mexico in 1934, petitioner had been receiving $2.25 monthly with grocery orders and some clothes, and her three children had been receiving $10 monthly government support each. Petitioner, with her three children, lived with her mother, her sister, and a nephew. The sister earned $15 weekly. Petitioner had been receiving public support for two years prior to 1934, and had been receiving hospital and clinical governmental aid off and on since 1931. There is evidence indicative of petitioner's poor health.

The trial court made no findings of unfairness or discrimination.

In deportation proceedings "the decision of the Secretary of Labor is final." 8 U.S.C.A. 155.

The findings of the Secretary of Labor are not subject to review in a habeas corpus proceeding if there is any evidence to support them. Costanzo v. Tillinghast, Commissioner of Immigration (1932) 287 U.S. 341, 342, 53 S.Ct. 152, 153, 77 L.Ed. 350.

The power of review in such a proceeding extends only to a determination that the "warrant was not arbitrarily issued, or issued as the result of an unfair hearing." Kenmotsu v. Nagle, Immigra-

*Rehearing denied Jan. 18, 1938.

tion Com'r (C.C.A.9, 1930) 44 F.2d 953, 955, certiorari denied (1930) Sadaichi Kenmotsu v. Nagle, 283 U.S. 832, 51 S.Ct. 365, 75 L.Ed. 1444. It cannot be said that the warrant in this proceeding was arbitrarily issued or that the hearing was unfair to the petitioner.

From an opinion brought to us in a supplement to the transcript we are acquainted with the trial court's compassion for the three minor children. They are American citizens who must be either separated from their mother or expatriated to accompany her. This court appreciates the hardship and injustice that befalls these innocent child citizens through the execution of the law and regrets that the law, as it stands, leaves no room for the exercise of discretion in the courts and, after the facts are found, no discretion with the immigration officers.

Order reversed.