**UNITED STATES ex rel. ARKIN v. REIMER, Commissioner of Naturalization and Immigration.**

District Court, S. D. New York.

March 16, 1938.

Melton, Lebovici & Arkin, of New York City, for seamen.

Lamar Hardy, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

CAFFEY, District Judge.

The relators are alien seamen. Their counsel has requested this court to take testimony with respect to whether the Labor Department is right on the facts. As I stated at the oral argument, however, it is not within the province of the court to determine the facts. The conclusions on the facts reached by the Labor Department are binding on the court, if there be some evidence from which the findings could have been made, and the sole inquiries open to the court are whether, on such supported conclusions of fact, the case comes within some provisions of the laws, applicable to aliens, which authorize their deportation and whether the procedure has been fair.

The decisions of the appellate courts, to which this court owes obedience, are of long standing and are uniform to the effect that, in a habeas corpus case of the present kind, with respect to the facts, the court shall only inquire if there was some evidence supporting the findings of the Labor Department and the inquiry is not whether

the department made correct findings. As said in United States ex rel. Vajtauer v. Com'r of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 304, 71 L.Ed. 560: "Upon a collateral review in habeas corpus proceedings, it is sufficient that there was some evidence from which the conclusion of the administrative tribunal could be deduced and that it committed no error so flagrant as to convince a court of the essential unfairness of the trial." See, also, Costanzo v. Tillinghast, 287 U.S. 341, 342, 343, 53 S.Ct. 152, 153, 77 L.Ed. 350.

In United States v. Commissioner of Immigration, D.C., 14 F.Supp. 484, at page 485, I summarized the law on the subject as follows: "Both the Labor Department and the court are obligated to carry out the will of Congress as expressed in the immigration laws. It is not within the province of either to exercise its own notion as to the policy or justice of the legislation. So also it is beyond the power of the court to disregard, much less to set aside, findings of fact by the Labor Department if, on examination of the record, it ascertain that they rest on substantial evidence. However much in dispute and however open to divergent inferences, if the proof were such that the department could reach the conclusions stated in its findings, it would be unlawful for the court to interfere. If there was such proof here, then all the court may determine is whether the facts, as found by the Labor Department, bring the case within the deportation provisions of the statute and whether the procedure was free from error."

It is incontrovertible that the relators come within the provisions of section 168 and subdivision (5) of section 203 of title 8 of the United States Code, 8 U.S.C.A. §§ 168, 203(5). In section 168 it was provided as to aliens of this class that "In case any such alien intends to reship on board any other vessel bound to any foreign port or place, he shall be allowed to land for the purpose of so reshipping, under such regulations as the Secretary of Labor may prescribe to prevent aliens not admissible under any law, convention, or treaty from remaining permanently in the United States."

Regulations which have been prescribed by the Secretary of Labor and are applicable to the present case (United States v. Day, 2 Cir., 20 F.2d 302) provide in rule 7, subdivision E, paragraph 6, that an alien, such as the two aliens here involved, "shall establish to the satisfaction of the proper immigration official at the port of arrival * * * (4) that he seeks to enter solely on business of such vessel, or that he seeks to enter solely in pursuit of his calling as a seaman; and (5) that he has no intention to abandon such calling."

The port of arrival to which the relators came was Jacksonville, Fla. There they were separately examined, through a competent interpreter, by inspectors who were not satisfied that they were not seeking permanently to enter the United States.

From my review of all the papers I am persuaded that the hearing accorded the relators was fair. In no respect has counsel for the relators drawn to my attention anything, borne out by the record, even tending to indicate unfairness on the part of the inspectors of the hearing which was afforded the relators.

Rule 7, mentioned above, further provides that, where the immigration official mentioned in the rule (such as each of the two inspectors at Jacksonville who made the inquiry there) is not satisfied that the alien concerned meets the requirements of the provisions of the rule heretofore quoted numbered (4) and (5), as well as the other provisions of the rule, "he shall order the owner, charterer, agent, consignee or master of the vessel on which such alien arrives, to detain such alien on board and deport him in the manner required by law."

The inspectors at Jacksonville did order the aliens so detained and the Secretary of Labor has directed their deportation. I have discovered no irregularity, nor has any irregularity been pointed out to me, in the method of their deportation.

In the circumstances, as I have described them, I discover no ground on which the court would be justified in directing the release of the aliens. As indicated at the argument, if the aliens desire further consideration of their cases, that is a matter for them to take up with the Labor Department, over whose actions this court has no control.

Writ dismissed. Settle order on two days' notice.