**UNITED STATES ex rel. DI TOMASSO v. MARTINEAU, Immigration Inspector and District Commissioner of Immigration for Connecticut.**

No. 321.

Circuit Court of Appeals, Second Circuit.

June 6, 1938.

Edward L. Fenton, of Springfield, Mass., for appellant.

Robert P. Butler, U. S. Atty., and V. J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The relator is an alien who arrived in this country in 1919; he was then only nine years old. In 1930 he was convicted in the city court of Hartford, Connecticut, of maintaining a house of prostitution, soliciting for purposes of prostitution and engaging in prostitution. Upon appeal to the superior court, which vacates the prior judgment and involves a trial de novo, a charge of fornication was substituted for the former charges. To this he pleaded guilty and was sentenced to six months' imprisonment, the superior court judge who imposed the sentence recommending that he be not deported on the charge for which he was convicted and sentenced. Thereafter hearings were held before an immigration inspector and resulted in the issuance by the Secretary of Labor of a warrant of deportation, dated June 5, 1931, under which the alien was taken into custody. Thereupon he sued out a writ of habeas corpus. After long delay, for which no reason is disclosed by the record, an order was entered on October 14, 1935, discharging the writ. On November 22, 1935, he filed a motion for a rehearing and a second petition for habeas corpus. The latter was dismissed but the court allowed the motion for rehearing as a motion to reopen the judgment and amend the original petition. See Salinger v. Loisel, 265 U.S. 224, 229, 44 S.Ct. 519, 521, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999. While the motion was pending, the State Board of Pardons granted the alien a pardon for the aforesaid crime of fornication. Thereafter on February 28, 1938, an order was entered dismissing the second writ and remanding the relator to the custody of the respondent. From this order the alien has prosecuted the present appeal in forma pauperis.

The warrant of deportation charges that the alien "has been found assisting a prostitute, and that he has been found receiving, sharing in or deriving benefit from the earnings of a prostitute." These

504

charges are grounds for deportation under section 19 of the Immigration Act of 1917, 8 U.S.C.A. § 155. Mita v. Bonham, 9 Cir., 25 F.2d 11; Benetazzo v. Bonham, 9 Cir., 19 F.2d 520. If there was evidence to support the action of the Secretary of Labor in issuing his order, his findings are not subject to review by the courts. Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350. The district court examined the evidence and was satisfied that the charges were proved. With this conclusion we agree.

The appellant raises various objections to the conduct of the hearings before the inspector. The first is as to the admission in evidence of the record of testimony taken in the city court. The strict rules of evidence applicable in judicial proceedings do not obtain in deportation inquiries before the immigration authorities. See U. S. ex rel. Bilokumsky v. Tod, 263 U.S. 149, 157, 44 S.Ct. 54, 57, 68 L.Ed. 221; United States v. Curran, 2 Cir., 12 F.2d 639, 640; Ghiggeri v. Nagle, 9 Cir., 19 F.2d 875, 876; Hays v. Zahariades, 8 Cir., 90 F.2d 3. But in any event it is immaterial whether or not the city court record was properly admitted, because the two girls testified before the inspector substantially as they had before the city court.

It is next contended that the hearing was unfair because, during the course of it, the examining inspector added a new charge, namely, that of assisting a prostitute. An amendment to present an additional charge is expressly permitted by Rule 19, subdivision D, paragraph 2 of the Rules and Regulations promulgated January 1, 1930. This is clearly fair enough if the alien is given notice of the additional charge and ample opportunity to meet it. See United States v. Uhl, 2 Cir., 211 F. 628, 633; Siniscalchi v. Thomas, 6 Cir., 195 F. 701, 705.

The appellant makes much of the recommendation of the superior court judge against deportation and of the pardon subsequently granted. Both are irrelevant, for the deportation is not based upon the alien's conviction of the crime of fornication but upon charges of assisting a harlot and sharing in her earnings. See Lewis v. Frick, 233 U.S. 291, 301, 34 S.Ct. 488, 58 L.Ed. 967.

Finally, it is urged that the hearing was irregular because held by a single inspector instead of by a board of special inquiry. This contention, if sustained, would upset a long established practice which has been expressly sanctioned by this court. United States v. Curran, 2 Cir., 12 F.2d 394, 396; United States v. Day, 2 Cir., 20 F.2d 302, 303.

Finding no error in the proceedings, the district court was powerless to prevent deportation; and we are equally so. We share, however, the opinion expressed by Judge Thomas as to the harshness of a statute which compels the exiling of this young man—the product of conditions encountered here and a stranger to the country to which he must be deported.

Judgment affirmed.