### UNITED STATES ex rel. VICCHITTO v. MARTINEAU, Divisional Director of Immigration and Naturalization.

### No. 4134.

District Court, D. Connecticut.

Nov. 2, 1938.

Frank A. Francis, of Hartford, Conn., for petitioner.

Val J. Sacco, Asst. U. S. Atty., of Hartford, Conn., for respondent.

THOMAS, District Judge.

By a writ of habeas corpus the petitioner is here to test the validity of a warrant of deportation. It appears that the petitioner legally entered the United States on or about the 20th day of April, 1908, and has lived here ever since.

On or about June 10th, 1937, a warrant was issued, by virtue of which he was arrested and held for deportation upon the ground that after his entry into this country he "has been found managing a house of prostitution, or music or dance hall or other place of amusement, or resort, habitually frequented by prostitutes, and where prostitutes gather; and that he has been found assisting a prostitute."

The amendment to the return filed by the Department of Labor alleged that the petitioner had been found managing· a house of prostitution on or about April 18th, 1929, and October 19th, 1929, and had been found receiving, sharing in and deriving benefit from the earnings of a prostitute in violation of the Immigration Act of 1917, 39 Stat. 874.

There is no factual issue in this case. The question of law posed by the petitioner is whether an alien may be deported for a deportable offense committed some seven or eight years before deportation proceedings are commenced. His contention is that the general statute of limitations barring actions or proceedings to enforce forfeitures or penalties is applicable, and that therefore the Government is barred from taking the deportation proceedings and that the writ of habeas corpus should be sustained.

With this contention I am unable to agree. A deportation warrant is neither a "suit" nor a "prosecution"; it is purely an administrative proceeding and the limitation invoked by the petitioner concerns only suits or prosecutions.

The specific question presented here does not seem to have been adjudicated, but on general principles and on the analogies furnished by other decisions, I am constrained to hold that the action of the Government is not barred by any time limitation whatever. No remedy of any kind is ever barred unless, perforce, by some statute of limitation applicable to such remedy. In other words, the burden lies upon the defendant in any proceeding to establish the existence of a limitation. Even in equity the doctrine of laches goes to the equity of the plaintiff and it is not a limitation on the remedy. In the present instance, no statutory enactment has been called to my attention, and I am unable to find any. It has, however, been held that where an alien who has committed a crime involving moral turpitude, illegally enters this country, he may be deported any time after entry. Shee v. Haff, 9 Cir., 94 F.2d 336; Weedin v. Tayokichi Yamada, 9 Cir., 4 F.2d 455; Costanzo v. Tillinghast, 287 U.S. 341 343, 53 S.Ct. 152, 77 L.Ed. 350; Lauria v. U. S., 2 Cir., 271 F. 261.

The cases cited by the Government are not exactly in point. As I read them they concern acts of prostitution committed more than five years after entry for which deportation is ordered. The specific point raised by the petitioner is this,—granting that prostitution committed at any time after entry implicates deportation, does the right of the Government to order deportation expire five years after the commission of the offense? This question I decide in the negative.

The other question raised by the petitioner with reference to his alleged right to naturalization I deem irrelevant. The petitioner is an alien and remains such until in fact he has been admitted to citizenship. While he remains an alien, he is subject to deportation upon any statutory ground.

The writ, therefore, must be and is hereby dismissed and the petitioner is re-

manded to the custody of the Department of Labor.

Submit order accordingly properly consented to as to form.