**UNITED STATES ex rel. WLODINGER v. REIMER, Commissioner of Immigration and Naturalization, Ellis Island, N. Y.**

No. 325.

Circuit Court of Appeals, Second Circuit.
April 17, 1939.

Joshua S. Koenigsberg, of New York City, for appellant.

John T. Cahill, U. S. Atty., of New York City (Matthew C. Cary, Asst. U. S. Atty., of New York City, of counsel); for appellee.

Before L. HAND, CLARK, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The appellant is an alien, admitted to this country in 1920. He was ordered deported by the Secretary of Labor on May 15, 1935, as one found assisting a prostitute. The Act of February 5, 1917, section 19 (8 U.S.C. § 155, 8 U.S.C.A. § 155), provides that "any alien * * * who in any way assists any prostitute * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." The appellant took out a writ of habeas corpus. The writ was heard and dismissed in the District Court.

The appellant says that there was no evidence before the Secretary of Labor to sustain the finding that he had assisted a prostitute; he also says that he did not have a fair hearing. The evidence before the Secretary consisted of two records of conviction of the appellant, the record of conviction of a woman called Laquaine, and testimony given by the appellant at hearings before immigrant inspectors. There was also testimony given by police officers before immigrant inspectors at a reopened hearing. The first conviction of the appellant was in 1929, on the charge of receiving one Grabau and a woman called Laquaine into a room "for the purpose of prostitution—lewdness—assignation" and for knowingly permitting them to remain there for said purpose. The appellant pleaded guilty and received sentence of three months. The Laquaine woman was arrested at the same time and was convicted of committing prostitution with Grabau. When questioned about the offense by an immigrant inspector, the appellant said that he had had a key to a sporting house and had been caught with it. At later hearings he denied his guilt altogether, claiming that he had been persuaded to plead guilty by policemen who told him he would get a break. The second conviction was in 1934; at that time the appellant pleaded guilty to inducing a female to live a life of prostitution and was sentenced to from two and one-half to five years. At the hearing on deportation he admitted that he had pleaded guilty to this offense but said that he had done so on the assurance of his lawyer that he would get a suspended sentence. The Secretary of Labor found that the 1934 conviction was not enough to warrant deportation. As to the charge of assisting a prostitute in 1929, the Secretary held that it was sustained by the evidence, and accordingly ordered the appellant deported.

The evidence bearing on the 1929 occurrence afforded a sufficient basis for the finding that the appellant had assisted a prostitute. His plea of guilty was an admission, but alone it would not suffice, because it was consistent with his receiving the man and the woman into the room not for prostitution but only for lewdness or assignation. There was further evidence, however; the woman was convicted of prostitution in the same transaction, and the appellant when questioned about the case explained that he had been caught with a key to a house of prostitution.

These additional facts showed plainly enough that the charge to which the appellant pleaded guilty was one connected with prostitution rather than with lewdness or assignation. We see no reason to doubt that the reception of a man and woman into a room for the purpose of prostitution is rendering assistance to a prostitute. It is doubtless the law that the words in section 19 of the 1917 Act, "assists any prostitute", broad as they are, are restricted in their sense to conscious assistance of a prostitute in pursuit of her unlawful business. Mita v. Bonham, 9 Cir., 25 F.2d 11; Marino v. Zurbrick, D.C., 52 F.2d 160. But there was enough in the record for the Secretary to find that the appellant had knowingly rendered that sort of assistance to a prostitute. It is hardly necessary to say again that findings of fact by the Secretary of Labor in a deportation case are not subject to review by the courts if there was substantial evidence before the Secretary to support the findings. Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350; United States ex rel. Di Tomasso v. Martineau, 2 Cir., 97 F.2d 503.

On the issue of fair hearing the appellant complains that he was examined by the immigrant inspectors while in prison and without counsel, that no findings and conclusions of the examining inspectors were sent to the Secretary, and that the testimony of the police officers was taken without opportunity to the appellant to cross-examine them. The fact that the hearing was held in prison did not render it unfair. The appellant was given the chance to have counsel present. United States ex rel. Ciccerelli v. Curran, 2 Cir., 12 F.2d 394. As for findings and conclusions of the examining officers, it is true that they are required by departmental rules in deportation cases. See United States ex rel. Ohm v. Perkins, 2 Cir., 79 F.2d 533. The inspector who conducted the hearing after warrant of arrest did make findings and conclusions and did report them to the Secretary. After his report the case was reopened, and apparently no findings or conclusions were made by the examining inspector who conducted the later hearing. But the new testimony given at the later hearing added nothing to the case, and the record shows that the Secretary excluded it from consideration. In view of this fact the absence of a further report by the examining officer was of no moment. On inability to cross-

examine the police officers who testified at the reopened hearing, we take notice of the fact that their testimony was worthless and was treated as worthless by the Secretary. One of the officers testified that he could not recall the 1929 arrest. The other testified as to charges made against the appellant by two women in the 1934 affair. The Secretary made it clear that no weight was given to that testimony. The appellant was not prejudiced by the testimony of the police officers and lost nothing by inability to cross-examine them. We cannot say that the hearing was unfair in any respect.

Order affirmed.