**STOUT, Colonel, United States Army, v. HANCOCK.**

**No. 5304.**

Circuit Court of Appeals, Fourth Circuit.

Dec. 20, 1944.

William J. Hughes, Jr., Colonel, J. A. G. D., and William Strong, Attorney, Department of Justice, both of Washington, D. C. (O. H. Doyle, U. S. Atty., and W. M. Walters, Asst. U. S. Atty., both of Greenville, S. C., Myron C. Cramer, Major General, The Judge Advocate General, United States Army, William A. Rounds, Colonel, J. A. G. D., Acting Assistant Judge Advocate General in Charge of Military Justice Matters, both of Washington, D. C., and Reid B. Barnes, Major, J. A. G. D., of Atlanta, Ga., on the brief), for appellant.

Thomas A. Wofford and Alfred F. Burgess, both of Greenville, S. C., for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order in a habeas corpus proceeding directing Colonel Stout, the Commanding Officer of the Greenville Army Air Base, to release from custody one Hancock, who had been convicted by general court-martial of the crime of rape and sentenced to life imprisonment. The ground of the order releasing Hancock was that only six of the eight members of the general court-martial had voted for his conviction, the court holding that this amounted to an acquittal. The only question in the case is whether a unanimous verdict of the court-martial is required in a case where the death penalty may be imposed but is not mandatory, since it is not mandatory under the 92nd Article of War, 10 U.S.C.A. § 1564, prescribing the punishment for rape.

The article of war relating to the vote required for convictions or sentences is the 43rd article, 10 U.S.C.A. § 1514, which is as follows: "Art. 43. Death sentence; when lawful. No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of all the members of said court-martial present at the time the vote is taken, and for an offense in these articles expressly made punishable by death; nor sentenced to life imprisonment, nor to confinement for more

than ten years, except by the concurrence of three-fourths of all of the members present at the time the vote is taken. All other convictions and sentences, whether by general or special court-martial, may be determined by a two-thirds vote of those members present at the time the vote is taken. All other questions shall be determined by a majority vote."

The 92nd article of war is only one of a number of articles defining crimes for which the death penalty may be imposed. Under that article murder or rape must be punished by either death or life imprisonment. Eleven other sections, 58, 59, 64, 66, 67, 75, 76, 77, 78, 81 and 86, 10 U.S.C.A. §§ 1530, 1531, 1536, 1538, 1539, 1547–1550, 1553, 1558, which relate to such crimes as desertion in war time, mutiny, misbehavior before the enemy, improper use of countersign, etc., provide for the punishment of death or such other punishment as the court-martial may direct. The 43rd article of war applies to convictions and sentences under all of these sections; and it is not reasonable to assume that Congress intended to require the unanimous vote of a court-martial for the enforcement of so many provisions essential to military discipline in war time but for the infraction of which the death penalty, while permissive, is seldom, if ever, imposed. Only under article 82, 10 U.S.C.A. § 1554, relating to spies, is the death sentence now made mandatory.

If we look to the language of article 43, it is clear that the concurrence of all of the members of the court-martial is required for conviction only in cases "for which the death penalty is made mandatory." This is in harmony with the policy not to permit death to be inflicted except by unanimous vote of the court-martial, since the death penalty would follow as a matter of course a conviction of a crime for which the death penalty is made mandatory. The clause thought by the court below to require a unanimous vote where the death sentence is merely permissive and not mandatory, i. e. "and for an offense in these articles expressly made punishable by death", is a part of the prepositional phrase introduced by the preposition "except"; and its office is to make clear that the death penalty may not be imposed by a court-martial except for an offense expressly made punishable by death in the articles of war, and thus to preclude the possibility of the imposition of the death penalty for offenses where the punishment is left in the discretion of the court-martial, as in the case of the numerous serious crimes denounced in the 93rd article, 10 U.S.C.A. § 1565, some of which are punished by death under state laws.

That this is the correct interpretation is established by the history of the article particularly with respect to the clause last quoted. That clause first appeared in article LI of the articles of war of 1775 in the following form: "That no persons shall be sentenced by a court-martial to suffer death, *except in the cases mentioned in the foregoing articles*". (Italics supplied.)

Its purpose here was clearly to limit the imposition of the death penalty to cases made punishable by death in the articles of war. It appeared in the same form in the articles of war of 1776 and 1786. Winthrop, Military Law and Precedents, 2d Ed. Reprint, pp. 957, 970, 974. At that time, action in courts-martial was by majority vote, whether with respect to convictions or sentences, and notwithstanding that the death penalty might be imposed.

In 1806, the articles of war were amended to require a two-thirds vote to inflict the death penalty; and the clause in question was retained to prevent the infliction of that penalty in cases other than those made punishable by death in the articles of war. Article 87 of the articles of war of 1806, 2 Stat. 369; Winthrop supra, 984, provided: "No person shall be sentenced to suffer death, but by the concurrence of two thirds of the members of a general court martial, nor except in the cases herein expressly mentioned; * * *." In 1874 this article was revised and appeared as article 96 in the following form: "No person shall be sentenced to suffer death, except by the concurrence of two-thirds of the members of a general court-martial, and in the cases herein expressly mentioned." See Winthrop, supra, p. 974. In 1916 the article was again amended so as to require a two-thirds vote to convict where the death penalty was mandatory, for the express purpose of requiring a two-thirds vote where the death penalty would follow conviction as a matter of law;[1] and the clause in question was carried for-

---

1 See testimony of General Crowder before the subcommittee of the Senate Committee on Military Affairs. S.Rep. No. 130, 64th Cong., 1st Sess. (1906) 63.

ward for the original purpose of confining the death penalty to crimes made punishable by death in the articles of war. It appeared as article 43, as follows, 39 Stat. 657: "Art. 43. Death sentence—when lawful.—No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer.death, except by the concurrence of two-thirds of the members of said court-martial and for an offense in these articles expressly made punishable by death. All other convictions and sentences, whether by general or special court-martial, may be determined by a majority of the members present."

There was no question in any one's mind, apparently, as to what this language in the articles of war of 1916 meant. The Manual for Courts-Martial for 1917, submitted to Congress pursuant to the 38th Article of War of 1916, 39 Stat. 656, thus construes it in paragraphs 295 and 346:

"295. Majority Necessary to Convict—Exception.—All convictions, whether by general or special court-martial, may be determined by a majority of the members present, except that no person shall by general court-martial be convicted of an offense for which the death penalty is made mandatory by law, unless by the concurrence of two-thirds of the members of said court-martial. Where the death penalty is not mandatory but is discretionary a conviction may be determined by a majority vote, but two-thirds of the members must concur in the death penalty before it can be imposed. (A.W. 43)."

"346. Death Penalty.—No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of two-thirds of the members of said court-martial. Where the death penalty is not mandatory but is discretionary a conviction may be determined by a majority vote, but two-thirds of the members must concur in imposing the death sentence. Courts-martial have no power to impose the death penalty, *except* for offenses expressly made punishable by death by the Articles of War. (A.W. 43)."

The purposes of the amendment of 1920, which put the 43d article of war in its present form, were to require a unanimous vote to inflict the death penalty or to convict where the death penalty was mandatory, to require a three-fourths vote to in-

flict life imprisonment or imprisonment for more than ten years and to require a two-thirds vote for conviction in cases where the death sentence was not mandatory; and Congress made only such changes in the 43d article as were necessary to accomplish these purposes. A comparison of the article as amended with the original form will show this very clearly, and for convenience the article as amended is here reproduced, italics being used to show language added by the amendment and parentheses to show what has been omitted: "No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of *all the members* (two-thirds of the members) of said court-martial *present at the time the vote is taken,* and for an offense in these articles expressly made punishable by death; *nor sentenced to life imprisonment nor to confinement for more than ten years, except by the concurrence of three-fourths of all of the members present at the time the vote is taken.* All other convictions and sentences, whether by general or special court-martial, may be determined by *a two-thirds vote of those members present at the time the vote is taken.* (A majority of the members present.) *All other questions shall be determined by a majority vote."*

It will be noted that no change whatever was made in the clause relied upon by the court below as requiring a unanimous vote to convict of a crime for which the death penalty is permissive. As the original article had been interpreted in the manual, notwithstanding this clause, to permit a conviction by a majority vote in such cases, although a two-thirds vote was required to impose a death sentence or to convict where the death sentence was mandatory, it is hardly possible that Congress would have left it unchanged if the purpose of the clause had been to require the same vote in cases where the death sentence was merely permissive as in those where it was mandatory. And that the clause was intended to serve the same purpose that it served in earlier acts, i. e. to limit the imposition of the death penalty to cases expressly made punishable by death in the articles, is not only the reasonable conclusion to be drawn from the fact that it was brought forward in its original form, but this is also the interpretation placed upon it by the Executive in the Manuals for

Courts-Martial interpreting it. The 1921 Manual provides:

"295. Number of Votes Necessary to Conviction and Sentence—(a) *Convictions.* —All convictions, whether by general or special court-martial may be determined by a two-thirds vote of those members present at the time the vote is taken (see par. 294, supra, and 308, infra, and notes thereto), except that no person shall by general court-martial be convicted of an offense for which the death penalty is made mandatory by law (i. e., either upon the specification or the charge), except by the concurrence of all the members of said court-martial present at the time the vote is taken. Where the death penalty is not mandatory but is discretionary a conviction may be determined by a two-thirds vote, but all of the members present at the time the vote is taken must concur in the death penalty before it can be imposed. (A. W. 43)."

"346. *Death Penalty.*—No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of all of the members of said court-martial present at the time the vote is taken. Where the death penalty is not mandatory but is discretionary, a conviction may be determined by a two-thirds vote of those members present at the time the vote is taken; but all of the members present at the time the vote is taken on the sentence, must concur in imposing the death sentence.

"Courts-martial have no power to impose the death penalty, *except* for offenses expressly made punishable by death by the articles of war. (A.W. 43)."

 It is well settled, of course, that the administrative interpretation placed upon the article is entitled to great weight, particularly in view of the fact that it has been called to the attention of Congress and that Congress has re-enacted the article without making any change in the clause relied on for the contrary interpretation. R. J. Reynolds Tobacco Co. v. Commissioner of Internal Revenue, 4 Cir., 97 F.2d 302, 309, aff. Helvering v. R. J. Reynolds Tobacco Co. 306 U.S. 110, 116, 59 S.Ct. 423, 83 L.Ed. 536. And aside from the question of re-enactment, it is well settled that administrative construction of a statute by the Executive Department charged with its enforcement is entitled to great weight, especially where, as here, it has continued over a long period and Congress has failed to alter or amend the statute. Costanzo v. Tillinghast, 287 U.S. 341, 345, 53 S.Ct. 152, 77 L.Ed. 350; United States v. Jackson, 280 U.S. 183, 193, 50 S.Ct. 143, 74 L.Ed. 361.

 There is an apparent inconsistency in permitting a conviction on a two-thirds vote for a crime which must be punished by death or life imprisonment under article 92 and at the same time requiring a unanimous vote to impose the sentence of death and a three-fourths vote to impose the sentence of life imprisonment; but inconsistency is more apparent than real. Conviction and sentence are two separate steps in a court-martial proceeding (Winthrop's Military Law and Precedents, p. 392); and, after conviction has been voted in a prosecution for murder or rape, the only punishments permissible under the law are death and life imprisonment. The vote on punishment, therefore, is but a choice between these two; and, unless there is a unanimous vote in favor of the death penalty, life imprisonment necessarily follows It is only where conviction must be followed by that penalty that it is important that a unanimous vote be required for conviction; and this, we think, is all that Congress intended.

Nor do we feel impelled to put a different interpretation upon article 43 because of the possibility that in voting punishment under article 92 the court-martial, while failing to vote unanimously for death, might fail to give a three-fourths vote for life imprisonment. The question before us is the interpretation of article 43; and we would not be justified in putting a strained construction on that article, which would result in real difficulties in sentencing under the other eleven articles to which we have referred, in order that we may avoid fanciful difficulties in sentencing under article 92. If there is any real difficulty in sentencing under that article, the matter is one which addresses itself to Congress and not to the courts. To place upon article 43 the strained interpretation contended for and thus to require the unanimous vote of the court-martial for conviction of all the violations of military law for which the death penalty, while permissive, is seldom, if ever, imposed, would greatly hamper the army in maintaining discipline in war time, and Congress clearly intended no such thing. Ample protection is accorded one accused of these crimes by the provision that the

death penalty may be imposed only by unanimous vote, without requiring that conviction be by such vote.

In the case at bar, Hancock was both convicted of the crime charged and sentenced to life imprisonment by the votes of six of the eight members of the court-martial. This was conviction by more than two-thirds and sentence by three-fourths of the members of the court-martial, which is all that the law requires. The order appealed from will accordingly be reversed.

Reversed.