### In re SCHACHT.
### Civ. No. 2288.

District Court, N. D. Texas, Dallas Division.
Oct. 26, 1946.

a concern which was engaged in the exportation of cotton. Since the war with Germany, such employer has not exported cotton into Germany but has continued in that business in other foreign countries where permissible.

Schacht's treaty trading, under the Immigration Act, which permits the entry of an alien for such purpose, having terminated, and Schacht having engaged in a different activity, the Immigration Department, in accordance with the statutes relating to such matters, held a hearing and ordered Schacht deported. The deportation order was made after Schacht had been here five years. Schacht now contends that the five-year limitation period provided for in the Act, bars deportation. He also claims that his refusal to enter the Armed Forces of the United States should not deprive him of the grace which could be exercised in his favor by the Department of Justice in permitting him to go to Canada or some other contiguous country and re-enter the United States under quota regulations for regular citizenship.

There are some borderline cases, with a shade of difference as to facts, which would seem, at first glance, to support his third position, that is, that what he is doing now is the same sort of business that he was permitted to enter the United States in order to do. Likewise, a careless reading of the statute would seem to make his contention as to limitation, forceful.

■ A more thoughtful attitude convinces that each of his positions is erroneous. He is no longer a treaty trader with Germany. He is not even working for a firm as an employee, which is engaged in that activity. The Japanese and Chinese cases cited a little later are not authority to the contrary.

Treaties with Germany were terminated when war began. They have not been renewed. Nor does his employer export cotton into Germany.

■■ The discretionary exit of an alien into another country for re-entry provided for, is solely for the Department of Justice, and may not be inquired into by a court, save and except for a manifestly errone-

Woodville J. Rogers, of San Antonio, Tex., for petitioner.

William P. Fonville, Asst. U. S. Atty., of Fort Worth, Tex., for Immigration & Naturalization Service.

ATWELL, District Judge.

Helmut Karl Schacht entered the United States, from Germany, as a treaty trader, on August 4, 1939. That trading was to be in cotton between the United States and Germany.

Shortly after his entry, in 1939, Germany became involved in war and such trading could not be longer carried on. Thereafter the petitioner entered the employ of Eugene B. Smith & Co. of Dallas, Texas,

ous exercise of that discretionary power. One who declines to take part in defense of the United States, may not, with a very sound platform, thereafter seek such a favor.

The five-year limitation period urged by the petitioner, is not applicable to him, and by the wording of the deportation provision, itself, such proceedings may be brought at "any time". This last question was passed upon and settled in United States ex rel. Azzarello v. Kessler, 5 Cir., 88 F.2d 301. Also, inferentially, at least, by Philippides v. Day, 283 U.S. 48, 51 S.Ct. 358, 75 L.Ed. 833.

The court will not interfere with a deportation proceeding unless there was not a fair hearing, or, unless there appeared to be some occurrence that was arbitrary, or a deprivation of some constitutional right. Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350; Lisotta v. U. S., 5 Cir., 3 F.2d 108; Atwell's Federal Criminal Law, 4th Ed., 202; Gonzales v. Zurbrick, 6 Cir., 45 F.2d 934; Ex parte Nunez, 9 Cir., 93 F.2d 41; Nicoli v. Briggs, 10 Cir., 83 F.2d 375; Jung Woon Kay v. Carr, 9 Cir., 88 F.2d 297.

An alien who overstays his time, may be deported. Delany v. Moraitis, 4 Cir., 136 F.2d 129, but a student who is temporarily forced to work, is not subject to deportation, United States v. Gin Ong, D.C., 253 F. 210. For the Act, see Secs. 214, 155, Title 8 U.S.C.A.

The additional contention of the petitioner is that the United States now has no post-war deportation right into Germany that is ruled by either Germany, or, by itself. The court is advised that the port of Bremen, which is under the jurisdiction of the British government, is open to such deportation.

The application sought must be denied and the petitioner remanded to the custody of the Immigration authorities for deportation in such manner and at such time as to those authorities may seem reasonable and speedy, either with or without enlargement on bail; that being the affair of those authorities, and not the affair of this court.