**UNITED STATES of America ex rel. Athas PIERROPOULOS, Relator-Appellant,**

v.

**Edward J. SHAUGHNESSY, District Director of Immigration and Naturalization at the Port of New York, Respondent-Appellee.**

**No. 81, Docket 24188.**

United States Court of Appeals

Second Circuit.

Argued Dec. 3, 4, 1956.

Decided Jan. 3, 1957.

Jay Nicholas Long, New York City, for relator-appellant.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City (William Stackpole, Asst. U. S. Atty., New York City, Harold J. Raby, Asst. U. S. Atty., New York City, of counsel on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

PER CURIAM.

Relator, under orders of deportation dating back to 1924 and 1932, the latest of which was issued in 1952, made several motions for stay of deportation and to reopen the proceedings in order to apply for suspension of deportation under 8 U.S.C.A. § 155(c).[1] After his most recent motion was denied by the Board of Immigration Appeals in February 1956, the relator filed a petition for a writ of habeas corpus in the District Court for the Southern District of New York, which was dismissed.

Petitioner makes two contentions, neither of which we find valid.

1. Relator argues that the Board did not really exercise its discretion but erroneously considered him "technically 'ineligible'" for relief. We disagree. The decision and order of the Board show clearly that its action was, as it stated, "on discretionary grounds" after reviewing the facts and considerations pro and con.

2. Relator's main contention is that the warrant of arrest for deportation issued in 1924 upon his arrival in this country, was invalid and hence the 1924 deportation order was likewise defective. As the next deportation order was issued in 1932, the relator claims it was invalid because of the expiration of the five-year statute of limitations contained in the first clause of § 19 of the Immigration Act of 1917:

"(a). At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported * * *." 39 Stat. 889, former 8 U.S.C.A. § 155(a).

But one of the grounds for petitioner's deportation was entry without possession of a properly visaed passport in violation of the Passport Act of 1918, 40 Stat. 559, 22 U.S.C.A. §§ 223–226, and the Presidential Proclamation thereunder, Aug. 8, 1918, 40 Stat. 1829, and he was therefore also deportable under the second clause of this section:

"* * * any alien who shall have entered or who shall be found in the United States in violation of this Act, or in violation of any other law of the United States; * * *."

Felich v. Meier, 8 Cir., 1927, 23 F.2d 185, as to which clause the Supreme Court has held that the five-year limitation does not apply. Costanzo v. Tillinghast, 1932, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350. The 1932 and subsequent deportation orders were therefore timely, and the writ of habeas corpus was properly dismissed.

Affirmed.