**THOMPSON v. SANFORD, Warden.**

No. 2172.

United States District Court
N. D. Georgia
Atlanta Division.
May 29, 1946.

Robert M. Cook, of Atlanta, Ga., for petitioner.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was convicted before a General Court-Martial convened at Patterson Field, Fairfield, Ohio, upon charges of vio-

lation of the 92nd Article of War, 10 U.S.C.A. § 1564, the specification being that of murder.

A sentence to life imprisonment was imposed on October 21, 1943, and duly approved according to law.

Petitioner was convicted upon a secret ballot of two-thirds of the members of the Court-Martial present at the time the vote was taken (General Court-Martial Record, page 74), and sentenced upon secret ballot, "three-fourths of the members present at the time the vote was taken concurring." (General Court-Martial Record, page 75.)

Petitioner alleges as grounds for writ of habeas corpus that, under the provisions of Article of War 43, a unanimous vote was required.

Article of War 43 provides that:

"No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of all the members of said court-martial present at the time the vote is taken, and for an offense in these articles expressly made punishable by death; nor sentenced to life imprisonment, nor to confinement for more than ten years, except by the concurrence of three-fourths of all of the members present at the time the vote is taken. All other convictions and sentences, whether by general or special court-martial, may be determined by a two-thirds vote of those members present at the time the vote is taken. All other questions shall be determined by a majority vote." Article 43, Articles of War, 10 U.S.C.A. § 1514.

It will be observed from Article 43 itself that a unanimous vote was required only in cases where "the death penalty is made mandatory by law." In this case the death penalty might have been imposed but was not mandatory, therefore, a unanimous vote was not required to support the life sentence. Stout v. Hancock, 4 Cir., 146 F.2d 741; certiorari denied, 325 U.S. 850, 65 S.Ct. 1086, 89 L.Ed. 1971.

No ground for writ of habeas corpus has been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.