## RANDLE v. SANFORD.

### No. 2174.

United States District Court
N. D. Georgia
Atlanta Division.
Aug. 6, 1946.

Riley & Dressler, of Miami, Fla., for petitioner.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was sentenced, after hearing, by a General Court-Martial of the United States Army duly and legally convened and held on April 30, 1945. The sentence was approved May 16, 1945 and the record of the trial forwarded for action under Article of War No. 48, 10 U.S.C.A. § 1519. The sentence was confirmed on July 18, 1945 pursuant to Article of War 50½, 10 U.S.C.A. § 1522. Petitioner was sentenced to a term of life imprisonment which was later reduced to a term of twenty years.

Petitioner was charged with violations of the 92nd Article of War, 10 U.S.C.A. § 1564, consisting of: "Specification 1: In that, 1st Lt. Joe H. Randle, 33d Armored Regiment, did, at Rheinkassel, Germany, on or about 5 March 1945, forcibly and feloniously, against her will, have carnal knowledge of Susi Reiff. Specification 2: In that 1st Lt. Joe H. Randle, 33d Armored Regiment, did, at Rheinkassel, Germany, on or about 5 March 1945, forcibly against her will have carnal knowledge of Frau Liesel Olbertz."

Petitioner alleges as grounds for writ of habeas corpus, the insufficiency of the second specification by reason of the omission of the word "feloniously", contending that such insufficiency would prevent a valid sentence on this specification and also void any sentence that might be passed on Specification 1 because of the admission of prejudicial evidence in support of Specification 2. He also contends that Specification 1 is invalid because it omits the word "unlawfully" in defining the offense. None of these grounds is meritorious. Two offenses may be set out in the same charge and the fact that evidence in support of one might be prejudicial in considering the other would not invalidate the proceeding or constitute a ground for writ of habeas corpus. The offenses are sufficiently alleged in the two specifications without the use of the words "unlawfully" and "feloniously" respectively.

■ Another ground for writ of habeas corpus alleged in the petition is that, under the provisions of Article of War 43 a unanimous vote was required before petitioner could be convicted and given a life sentence.

Article of War 43 provides that: "No person shall, by general court-martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of all the members of said court-martial present at the time the vote is taken, and for an offense in these articles expressly made punishable by death; nor sentenced to life imprisonment, nor to confinement for more than ten years, except by the concurrence of three-fourths of all of the members present at the time the vote is taken. All other convictions and sentences, whether by general or special court-martial, may be determined by a two-thirds vote of those members present at the time the vote is taken. All other questions shall be determined by a majority vote." (Article 43, Articles of War, 10 U.S.C.A. § 1514).

It will be observed from Article 43 itself that a unanimous vote was required only in cases where "the death penalty is made mandatory by law." In this case the death penalty might have been imposed but was not mandatory, therefore, a unanimous vote was not required to support the life sentence. Stout v. Hancock, 4 Cir., 146 F.2d 741, certiorari denied 325 U.S. 850, 65 S. Ct. 1086, 89 L.Ed. 1971; Thompson v. Sanford, D.C., 79 F.Supp. 584.

■ The final and most insisted upon ground alleged by petitioner involved alleged irregularities in the trial of the case before the Court-Martial which petitioner contends amounted to denial of due process of law. The irregularities complained of were that the provisions of the Manual for Courts-Martial relating to pre-trial investigations were not complied with. I find that such provisions were substantially complied with and that this ground is without merit.

■ It is further claimed that the Court, by its opening and closing the Court in the circumstances shown by the record, and its failure to call additional material witnesses before reaching its decision, committed error prejudicial to petitioner and caused it to lose jurisdiction of the case. It is alleged in this connection that the Court, after closing the Court, made inquiry concerning the relative positions of the Command Post and of the house where petitioner and his outfit were stopping; the time petitioner was absent from his outfit when he went to the Command Post for his orders, maps, etc., being the time in which he is alleged to have committed the offenses; the possibility of getting additional witnesses as to these matters; the excellence of petitioner's military record; and concerning the identification of petitioner by the alleged victims. This does not amount to denial of due process of law. United States v. Hiatt, 3 Cir., 141 F.2d 664, 667.

I have carefully read the entire proceedings of the Court-Martial in the light of petitioner's splendid military record, which appears in the proceedings in the words of Colonel Lovelady, his superior officer: "He was Reconnaissance Platoon leader. * * * His performance was superior and the nature of his work; he proceeded the Task Force a number of times in the selection of routes and where roads were not available he made reconnaissance cross-country to determine how to get through when bridges were blown, etc. He investigated buildings and other things on the flanks or reconnoitered the high ground on our flanks for enemy installations. * * * He had an extremely dangerous job. * * * Has been awarded the silver star, recommended for the oak leaf cluster, the silver star, bronze star and I do know he has received that." (Record, p. 48).

It appears that petitioner and his outfit moved into the town of Rheinkassel about dark on the day in question and witnesses of his movements testified that they were with him continuously except for the short time when he went to the Command Post for his orders. This period of time was estimated to have been not less than ten minutes nor more than forty-five minutes. It was during this period of time that petitioner is alleged to have committed the two rapes. The identification of petitioner as the offender does not appear to have been very trustworthy since he was described by the victims shortly after the oc-

**588**

'currence as being a soldier with a black moustache and wearing gold bars. The evidence shows that petitioner had never worn a moustache and was wearing silver bars. It also appears from the record that although the victims identified petitioner as the offender at the time of the trial, that they had previously confronted petitioner and because of this meeting could easily identify him at the trial.

From the evidence there would appear to be very grave doubt as to petitioner's guilt, but this is not a matter for the decision of a habeas corpus court and there certainly was substantial evidence which would support the findings of the Court-Martial.

The record of the trial shows that there was evidence on all the points in question and that same was considered by the Court. The trial took place while violent battles were being fought nearby, and in fact petitioner had been withdrawn from the front for the trial.

With respect to cases of this kind, the Supreme Court has said: "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial." Lisenba v. People of State of California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166.

Upon careful consideration of the entire record, I do not find that there was a failure to observe "that fundamental fairness essential to the very concept of justice." In view of the doubts that might arise from the character of the evidence adduced against petitioner, and in view of the very fine record petitioner made while in the service and the fact that he had no prior criminal record, the Executive Branch of the Government might find it proper to grant further clemency, but I do not find any ground which would sustain the writ of habeas corpus.

Whereupon, it is Considered, Ordered and Adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.